AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

CAROL A ALT

V.

RONALD J GRESCHNER

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

# '07 CIV 6004

## JUDGE McMAHON

TO: (Name and address of Defendant)

RONALD J GRESCHNER
8389 Ironhorse Court
Palm Beach, FL 33412

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

THE ROTH LAW FIRM, PLLC
Attn: Richard A Roth, Esq
545 Fifth Avenue, Suite 960
New York, New York 10017
Tel: (212) 542-8882

an answer to the complaint which is served on you with this summons, within ___30 (thirty)___ days after service of this summons on you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service

## J. MICHAEL McMAHON

_____
CLERK

DATE            JUN 2 5 2007

JS 44C/SDNY
REV 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law  except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974  is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet

**PLAINTIFFS**

Carol A  Alt

**DEFENDANTS**

Ronald J  Greschner

**ATTORNEYS (FIRM NAME  ADDRESS  AND TELEPHONE NUMBER**

The Roth Law Firm, PLLC, 545 Fifth Avenue, Suite 960
New York, NY 10017, (212) 542-8882

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U S  CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Breach of Contract, Breach of Fiduciary Duty, Accounting

Has this or a similar case been previously filed in SDNY at any time? No [x]  Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                     NATURE OF SUIT

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE
      INSTRUMENT
[ ] 150 RECOVERY OF
      OVERPAYMENT &
      ENFORCEMENT OF
      JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF
      DEFAULTED
      STUDENT LOANS
      (EXCL VETERANS)
[ ] 153 RECOVERY OF
      OVERPAYMENT OF
      VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[x] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT
      LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT
      LIABILITY
[ ] 320 ASSAULT  LIBEL &
      SLANDER
[ ] 330 FEDERAL
      EMPLOYERS
      LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT
      LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE
      PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL
      INJURY

**PERSONAL INJURY**

[ ] 382 PERSONAL INJURY
      MED MALPRACTICE
[ ] 365 PERSONAL INJURY
      PRODUCT LIABILITY
[ ] 388 ASBESTOS PERSONAL
      INJURY PRODUCT
      LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL
      PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE
      PRODUCT LIABILITY

### ACTIONS UNDER STATUTES

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE &
      EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT
      LIABILITY
[ ] 290 ALL OTHER
      REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING
      ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH
      DISABILITIES -
      EMPLOYMENT
[ ] 446 AMERICANS WITH
      DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO
      VACATE SENTENCE
      28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED
      SEIZURE OF
      PROPERTY
      21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL
      SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR
      STANDARDS ACT
[ ] 720 LABOR/MGMT
      RELATIONS
[ ] 730 LABOR/MGMT
      REPORTING &
      DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR
      LITIGATION
[ ] 791 EMPL RET INC
      SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL
      28 USC 158
[ ] 423 WITHDRAWAL
      28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY
      20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE
      REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC
      RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-
      ENCED & CORRUPT
      ORGANIZATION ACT
      (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/
      COMMODITIES/
      EXCHANGE
[ ] 875 CUSTOMER
      CHALLENGE
      12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC
      STABILIZATION ACT
[ ] 893 ENVIRONMENTAL
      MATTERS
[ ] 894 ENERGY
      ALLOCATION ACT
[ ] 895 FREEDOM OF
      INFORMATION ACT
[ ] 900 APPEAL OF FEE
      DETERMINATION
      UNDER EQUAL ACCESS
      TO JUSTICE
[ ] 950 CONSTITUTIONALITY
      OF STATE STATUTES
[ ] 890 OTHER STATUTORY
      ACTIONS

---

*Check if demanded in complaint*

CHECK IF THIS IS A CLASS ACTION
UNDER F R C P 23

DEMAND $ 9,000,000 _____  OTHER _Punitive___

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S D N Y ?
IF SO  STATE:

JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

[x] 1 Original
    Proceeding

[ ] 2a. Removed from
       State Court

[ ] 2b Removed from State Court
       AND at least one party is a pro se litigant

[ ] 3 Remanded from
      Appellate Court

[ ] 4 Reinstated or
      Reopened

[ ] 5 Transferred from
      (Specify District)

[ ] 6 Multidistrict
      Litigation

[ ] 7 Appeal to District
      Judge from
      Magistrate Judge
      Judgment

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

[ ] 1 U S PLAINTIFF    [ ] 2 U S DEFENDANT    [ ] 3 FEDERAL QUESTION
                                                    (U S NOT A PARTY)

[x] 4 DIVERSITY

*IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.
(28 USC 1332, 1441)*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [x]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Carol A Alt
New York, New York (residential address confidential due to celebrity status)

C/O The Roth Law Firm, PLLC
545 Fifth Avenue, Suite 960
New York, NY 10017

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Ronald J Greschner
8389 Ironhorse Court
Palm Beach, FL 33412

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT AT THIS TIME I HAVE BEEN UNABLE WITH REASONABLE DILIGENCE TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS

Check one.   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] FOLEY SQUARE
            (DO NOT check either box if this a PRISONER PETITION )

DATE
6/25/2007

RECEIPT #

SIGNATURE OF ATTORNEY OF RECORD

6/25/07

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo _02_ Yr _85_ )
Attorney Bar Code # _RAR 5538_

Magistrate Judge is to be designated by the Clerk of the Court

Magistrate Judge _____ is so Designated

J Michael McMahon  Clerk of Court by _____ Deputy Clerk  DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Richard A. Roth (RAR 5538)
Jordan M. Kam (JK 8938)
THE ROTH LAW FIRM, PLLC
545 Fifth Avenue, Suite 960
New York, New York 10017
Tel: (212) 542-8882
Fax: (212) 542-8883
*Attorneys for Plaintiff Carol A. Alt*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CAROL A. ALT,

                         Plaintiff,

      -against-

RONALD J. GRESCHNER,

                        Defendant.

-------------------------------------------------------------X

Index No

07 CIV 6004

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff Carol A. Alt ("Plaintiff"), by her attorneys, The Roth Law Firm, PLLC, hereby

alleges the following against Defendant Ronald J. Greschner ("Defendant")

## PRILIMINARY STATEMENT

       Plaintiff and Defendant married in 1983. In 1997, upon deciding to separate, Plaintiff

and Defendant entered into a Property Settlement Agreement. As part of that agreement,

Plaintiff and Defendant agreed that as a result of funds that Plaintiff provided to Defendant

($1,000,000 Canadian dollars) -- so that he could then loan such money to prevent a hostile

takeover of a company of which Defendant maintained a twenty percent ownership interest --

Plaintiff and Defendant would split any eventual proceeds made from the investment in the

company fifty-fifty (above the first $800,000, the approximate equivalent of $1,000,000

Canadian, which would belong to Defendant).

Upon information and belief: (i) Defendant has already received in excess of the $800,000 minimum pursuant to the agreement (from the repayment of the loan from the company to Defendant); and (ii) Defendant has recently liquidated the couples' investment for eighteen million dollars ($18,000,000) but refuses to divide the monies in accordance with the clear and explicit agreement between the parties. Plaintiff has recently approached Defendant, both orally and in writing, to obtain her fifty-percent interest. Defendant refused to acknowledge the sale or pay any sums or even provide an accounting.

Plaintiff therefore commences this action for a Judgment in the amount of $9,000,000 (or an amount to be determined after a full accounting) with statutory interest, plus all of her attorneys' fees and court costs (which is also specifically provided for under the agreement). Additionally, because of Defendant's intentional bad faith conduct in breaching the fiduciary duty he owed to Plaintiff (in failing to marshal and dispense the proceeds of the investment's liquidation), Plaintiff further requests that the Court award punitive damages against Defendant in the amount of $3,000,000.

## PARTIES

1       Plaintiff Carol Alt is an individual residing in New York County, New York.

2       Upon information and belief, Defendant Ronald Greschner is an individual residing in the State of Florida and maintains dual United States and Canadian citizenships.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as there is complete diversity of citizenship and the damages alleged are in excess of $250,000. Plaintiff requests trial by jury.

4.    Venue is proper as substantial events upon which this action is based occurred in New York, New York and the contract upon which this action is based was negotiated and executed by Defendant in New York, New York.

## FACTS

5.    Plaintiff and Defendant were married in East Williston, New York, on November 21, 1983.

6.    Plaintiff and Defendant entered into a Property Settlement Agreement on January 13, 1997, which equitably divided the partied marital property, including bank and security accounts. The Property Settlement Agreement (the "Settlement Agreement") is annexed hereto as Exhibit A.

7.    Article IV Section A 3 of the Settlement Agreement states in relevant part:

> With reference to the Water Group investment . . [i]n the event of sale of this investment, the profit in excess of Eight Hundred Thousand ($800,000) shall be divided, and one-half (1/2) of the profit in excess of Eight Hundred Thousand ($800,000) Dollars shall be paid to Wife.

See Exhibit A, page 6, Article IV, Section A 3. The agreement to divide the proceeds of the eventual Water Group investment (in accordance with Article IC Section A 3 of the Settlement Agreement) came about as a result of Plaintiff granting to Defendant $1,000,000 Canadian dollars so that Defendant could then loan that money to Water Conditioning Canada Ltd in order to stave off a hostile takeover. At that time, Defendant maintained a twenty-percent ownership interest in the company and was a member of its Board. Accordingly, it was vital for Defendant to obtain the loan money to protect the original investment (which at the time of the loan was estimated to be worth several million dollars). Thereafter, in 1997 (the same year as the Settlement Agreement's execution), upon information and belief, the company repaid the loan to Defendant (with interest) and the company was then purchased by USF WaterGroup Inc. (now

3

known as WaterGroup Companies, Inc ), a wholly-owned Canadian subsidiary of United States

Filter Corp. ("US Filter").

      8.     In the event of divorce, Article VII Section A of the Settlement Agreement states:

> This Agreement shall be incorporated either expressly or by reference in
> any judgment divorcing the Parties but shall not be merged therein. The
> agreements and representations set forth herein shall survive such
> judgment, and shall be independently enforceable. Neither of the Parties
> shall request the inclusion in any such judgment of any provision at
> variance or inconsistent with the provisions of this Agreement.

See Exhibit A, page 13, Article VII, Section A.

      9.     Article XI Section C states:

> In the event that either of the parties shall seek enforcement, or sue for
> breach, of any provision of this Agreement or seek any relief of any kind
> relating hereto (other than a judgment of divorce) in a court of competent
> jurisdiction, the unsuccessful party to such action or proceeding shall be
> liable to other for his or her reasonable expenses, costs and counsel fees
> incurred in such action or proceeding.

See Exhibit A, page 18, Article XI, Section C.

      10     On or about March 15, 2001, the Circuit Court of the Fifteenth Judicial Circuit of

Florida, Palm Beach County, entered a Final Judgment of Dissolution of Marriage (the "Divorce

Decree").

      11     Pursuant to Article IV, Section A 3 of the Settlement Agreement, the Settlement

Agreement was incorporated into the Divorce Decree.

      12     Upon information and belief, Defendant was repaid the loan in 1997 (with

interest) and received well over $800,000 from the proceeds thereof. Additionally, upon

information and belief, Defendant has recently liquidated the Water Group Investment

(referenced in Article IV Section A 3 of the Settlement Agreement) for approximately eighteen

million dollars ($18,000,000).

4

13.     Pursuant to Article IV Section A 3 of the Settlement Agreement, Defendant is obligated to pay Plaintiff one-half of the profit of the Water Group investment in excess of Eight Hundred Thousand Dollars ($800,000). Because Plaintiff believes Mr. Greschner was repaid the loan in 1997 (and received over $800,000), those monies fulfill the $800,000 requirement in Article IV, Section A 3 of the Agreement.

14      On or about January 8, 2007, a representative of Plaintiff sent a letter to Defendant inquiring about the sale of the Water Group Investment and thus the requisite payment to Plaintiff pursuant to the Settlement Agreement. Moreover, Defendant was again notified of Plaintiff's claim on April 6, 2007. Defendant failed to adequately respond to the inquiries. In addition, Plaintiff directly approached Defendant to inquire about the investment's proceeds, wherein Defendant denied any such liquidation.

15      Defendant is contractually obligated to pay Plaintiff Nine Million Dollars ($9,000,000), plus statutory interest at 9% per annum from the time of Defendant's receipt of the investment proceeds. Additionally, as a result of Defendant's failure to timely pay Plaintiff, thereby causing the commencement of this court action, Defendant is also obligated (pursuant to Article VII, Section A of the Settlement Agreement) to pay Plaintiff's reasonable expenses, costs and attorneys' fees herein.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

16      Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

17.     By not timely paying and refusing to pay Plaintiff the monies due to her under Article IV Section A.3 of the Settlement Agreement, Defendant is in breach thereof.

18      As a direct result of Defendant's breach of contract, Plaintiff has been injured in an amount to be determined at trial, but believed to be no less than $9,000,000, plus statutory

interest of 9% per annum commencing at the time of Defendant's sale of the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement)

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

19.    Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

20.    By not timely paying and refusing to pay Plaintiff the monies due to her under Article IV Section A 3 of the Settlement Agreement, Defendant has been unjustly enriched by $9,000,000.

21.    As a direct result of Defendant's unjust enrichment, Plaintiff has been injured in an amount to be determined at trial, but believed to be no less than $9,000,000, plus statutory interest of 9% per annum commencing at the time of Defendant's sale of the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement).

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

22.    Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

23    Pursuant to Article IV Section A 3 of the Settlement Agreement, Defendant was obligated to marshal all proceeds (after the first $800,000) of the Water Group investment and divide the proceeds according to the mathematical formula stated therein

24    In his capacity to marshal and divide the Water Group Investment proceeds in the event of sale, Defendant agreed to act as a fiduciary to Plaintiff.

25    Not only did Defendant breach the fiduciary duty he owed to Plaintiff when he refused to marshal and divide the Water Group Investment proceeds according to the terms of

6

the Settlement Agreement, Defendant willfully and intentionally breached his duty in an effort to hide the investment's liquidation from Plaintiff. Defendant's intentional breach of the fiduciary duty he owed to Plaintiff is particularly egregious because Defendant would not have been able to stop the hostile takeover (and thus may not have been able to liquidate the Water Group Investment for the price at which it was sold) if it had not been for Plaintiff's agreement to supply $1,000,000 Canadian dollars to Defendant (so that he could loan that money to the company).

26.    As a direct result of Defendant's breach of his fiduciary duty owed to Plaintiff, Plaintiff has been injured in an amount to be determined at trial, but believed to be no less than $9,000,000, plus statutory interest of 9% per annum commencing at the time of Defendant's sale of the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement). Moreover, as a result of Defendant's intentional breach, Plaintiff request punitive damages in an amount exceeding $3,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
### FOR AN ACCOUNTING

27.    Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

28.    Defendant was obligated under Article IV Section A 3 of the Settlement Agreement to marshal and divide monies received by Defendant that relate to the Water Group Investment (which includes any and all monies received by Defendant that refers or relates to Water Conditioning Canada Ltd and US Filter). Defendant has breached his obligation to marshal and divide the proceeds pursuant to the Settlement Agreement -- nor will Defendant agree to disclose any relevant information regarding said investment

7

29.     As a direct result of Defendant's breach, Plaintiff is unable to ascertain what monies are owed to her under the Settlement Agreement and thus Plaintiff requests a full accounting of the Water Group Investment and all sales of securities and monies received in any form relating thereto.

**WHEREFORE**, Plaintiff respectfully requests Judgment in her favor in an amount to be determined at trial, but believed to be no less than $9,000,000 in compensatory damages, $3,000,000 in punitive damages, plus statutory interest of 9% per annum commencing at the time of Defendant's receipt of monies relating to the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement). Additionally, Plaintiff requests a full accounting of the Water Group Investment and all sales of securities and monies received in any form relating thereto.

DATED:     New York, New York
           June 25, 2007

Respectfully Submitted,

THE ROTH LAW FIRM, PLLC

By: _____
    Richard A. Roth (RAR 5538)
    Jordan M. Kam (JK 8938)
    545 Fifth Avenue, Suite 960
    New York, New York 10017
    Tel: (212) 542-8882
    Fax: (212) 542-8883
    *Attorneys for Plaintiff Carol A. Alt*

8

# EXHIBIT A

JUL 1 2003 4:52PM    BINGHAM MC CUTCHEN                 NO 885 *** *** ***

# PROPERTY SETTLEMENT AGREEMENT

**AGREEMENT OF SEPARATION** made in the Town of Greenwich, County of Fairfield, State of Connecticut as of January _13_, 1997 by and between Ronald Greschner residing at 163 John Street, Greenwich, Connecticut 06830, (hereinafter referred to as the "Husband") and Carol Alt residing at 163 John Street, Greenwich, Connecticut 06830 (hereinafter referred to as the "Wife").

## WITNESSETH:

WHEREAS, the parties hereto were duly married by a clergyman in the Town of East Williston, County of Nassau and State of New York on November 21, 1983; and

WHEREAS, there are no issue of said marriage; and

WHEREAS, certain unhappy and irreconcilable difference have arisen between the parties as a result of which Husband and Wife have separated and are now living separate and apart from each other; and

WHEREAS, it is the intention of the parties to continue to so live separate and apart from each other, and it is their desire to enter into an agreement, under which their respective financial, property rights, custody and visitation and all other respective rights, remedies, privileges and obligations to each other arising out of the marriage relations, or otherwise, shall be fully prescribed and bounded thereby; and

WHEREAS, the parties hereto have each made independent inquiry and investigation with respect to their respective legal rights, remedies, privileges, and obligations arising out of the marriage relation, or otherwise; and

JUL. 1 2003 4:52PM    BINGHAM MC CUTCHEN                NO 885    P 3

WHEREAS, the parties hereto each warrant and represent to the other that they, and each of them, fully understand all of the terms, covenants, conditions, provisions and obligations incumbent upon each of them by virtue of this agreement be performed or contemplated by each of them hereunder, and each believes the same to be fair, just and reasonable and to their respective individual best interests; and

WHEREAS, the parties intend that this property settlement agreement, which is entered into after due deliberation shall settle the rights of the parties with respect to any and all funds or properties, both real and personal, wherever situated, now or ever owned by the parties, or either of them, or standing in their respective names or which may hereafter be acquired by either of the parties with respect to any and all other rights, claims or demands growing out of the marriage relationship or otherwise; and

WHEREAS, each of the parties desires that this Agreement be incorporated, but not merged, in any judgment of divorce that may hereafter be entered between them; and

NOW, THEREFORE, in consideration of the premises and of the covenants and promises contained herein, the parties hereto agree as follows:

2

JUL  1 2003  4:53PM    BINGHAM MC CUTCHEN                    NO. 885    P 4

## ARTICLE I

## NON-MOLESTATION
## AND CONFIDENTIALITY

A        The parties shall hereafter continue to live separate and apart, free from interference, authority and control of the other, direct or indirect, as fully as if each were unmarried. Each of the parties may reside at such place or places as he or she may select. Each of the parties may, for his or her own separate use and benefit, engage in, conduct and carry on any employment, business or profession which he or she may deem advisable; neither of the parties shall interfere with the rights, privacy, privileges or actions of the other; and each of the parties shall be at liberty to act and do as he or she sees fit, subject only to the limitations expressly set forth in this Agreement. Neither of the parties shall compel or attempt to compel the other to cohabit with him or her by any means whatsoever.

B.        Except in response to and as required by legal subpoena or court order, neither of the parties shall violate the privilege of the other to keep all communications between them during their marriage confidential, nor disclose any of the information contained in any financial data furnished by one to the other, nor reveal any of the terms and provisions of this Agreement to any persons other than their respective attorneys or accountants to the extent that the advice or assistance of either of the foregoing shall be necessary in order for the Parties to effectuate the terms and conditions of this Agreement.

3

## ARTICLE II

## SEPARATE OWNERSHIP

A    Except as otherwise expressly set forth herein, each of the parties shall own, free of any claim or right of the other, all of the items of property, real and personal, tangible and intangible, of every kind, nature and description and wheresoever situate, which are now in his or her name, control or possession, with full power to him or to her to dispose of the same as fully and effectually in all respects and for all purposes as if unmarried.

B.    Except as otherwise expressly set forth herein, all property acquired by either of the parties pursuant to this Agreement, or acquired since their separation, or that may be acquired by either of the parties in the future, by gift, devise, bequest, distribution, purchase or exchange, or in any other manner, and all earnings and income of every kind which may be acquired by either of the parties in the future, shall be the sole and separate property of the party so acquiring it, free from all claims, rights and interest of the other; this Agreement shall operate as, and is intended to be, a release, relinquishment, quitclaim and surrender by each of the parties of any rights that he or she may have or assert or claim to have in or to any such property, earnings and income, and shall operate in favor of the party acquiring such property

4

## ARTICLE III

### THE MARITAL RESIDENCE

A.    Upon the sale of the home located at 163 John Street, Greenwich, Connecticut 06830 (the "Connecticut House") at the time of the closing of the sale, one-half (1/2) of the Net Proceeds shall be paid to Husband and one-half (1/2) of the Net Proceeds shall be paid to Wife. "Net Proceeds" is defined as the gross sale price of the house less: institutional mortgage principal (as then reduced); brokerage commission actually paid; transfer taxes; "flip tax", if any; legal fees on the sale; and all other usual expenses customarily (and actually) incurred in the sale of the house

B.    Upon the sale of the home located at Krom Road, Box 508, Marbletown, New York (the "Marbletown House"), at the time of the closing of the sale, one half (1/2) of the Net Proceeds shall be paid to Husband and one-half (1/2) of Net Proceeds shall be paid to Wife.

C.    Up until the time of the closings of sale on the Connecticut House and the Marbletown House, all costs incurred in connection with the maintenance of either or both houses shall be paid in the following manner: one-half (1/2) by Husband and one half (1/2) by Wife

D.    Neither party may enter into a contract of sale for any real property unless there is a written agreement by each party as to the purchase price

5

ARTICLE IV

## OTHER PROPERTY

A.   Bank and Security Accounts

1.   Husband's bank and security accounts listed on Schedule "A" annexed hereto are declared to be the sole, separate and distinct property of Husband in and to which Wife relinquishes any and all right, title and interest.

2.   Wife's bank and security accounts listed on Schedule "B" annexed hereto are declared to be the sole, separate and distinct property of Wife in and to which Husband relinquishes any and all right, title and interest.

3.   With reference to the Water Group investment (account number), any dividend paid to Husband in excess of Eight Hundred Thousand ($800,000) Dollars shall be divided, and one half (1/2) of the amount in excess of Eight Hundred Thousand ($800,000) Dollars shall be paid to Wife. In the event of sale of this investment, the profit in excess of Eight Hundred Thousand ($800,000) shall be divided, and one-half (1/2) of the profit in excess of Eight Hundred Thousand ($800,000) Dollars shall be paid to Wife.

4.   Husband and wife each represent that neither he nor she has any other bank or securities account.

B.   Tangible Personalty

1.   All tangible personalty (including, but not limited to, jewelry, clothing and household furnishings) which have been divided

6

C.    Automobiles

    1.    The 1982 Mercedes automobile is declared to be the sole, separate and distinct property of Wife in and to which Husband relinquishes any and all right, title and interest.

    2.    The 1994 Chevrolet Blazer automobile is declared to be the sole, separate and distinct property of Husband in and to which Wife relinquishes any and all right, title and interest.

    3.    The Ford Mustang shall be sold, and proceeds (after the costs of sale are deducted) shall be divided and distributed as follows: sixty (60%) percent to Wife and forty (40%) percent to Husband.

D.    Business and Career

    1    The value of Husband's professional career is declared to be the sole, separate and distinct property of Husband in and to which Wife relinquishes any and all right, title and interest including, without limitation, the value of the following:  (a) any enhancement of Husband's earning capacity achieved during the marriage; (b) any and all remuneration Husband has received or will receive for work begun or performed during the marriage including, without limitation, any and all royalties, publishing and writer's royalties, merchandising income and any other type of income generated from Husband's activities as a celebrity, sports figure, actor, model or performing artist; (c) any and all remuneration received or to be received for Husband's work in connection with or emanating from any contracts or agreements, written or oral, which were negotiated, executed or otherwise reached during

the marriage; and (d) any and all copyrights, royalties, residuals, merchandising rights, publicity rights, goodwill (including without limitation "celebrity goodwill") any other types of property rights, whether tangible or intangible, arising out of or resulting from Husband's activities in the entertainment field including, without limitation, his activities as a celebrity, sports figure, actor, model or performing artist

2       The value of Wife's professional career is declared to be the sole, separate and distinct property of Wife in and to which Husband relinquishes any and all right, title and interest including, without limitation, the value of the following: (a) any enhancement of Wife's earning capacity achieved during the marriage; (b) any and all remuneration Wife has received or will receive for work begun or performed during the marriage including, without limitation, any and all royalties, publishing and writer's royalties, merchandising income and any other type of income generated from Wife's activities as a celebrity, actor, model or performing artist; (c) any and all remuneration received or to be received for Wife's work in connection with or emanating from any contracts or agreements, written or oral, which were negotiated, executed or otherwise reached during the marriage; and (d) any and all copyrights, royalties, residuals, merchandising rights, publicity rights, goodwill (including without limitation "celebrity goodwill") any other types of property rights, whether tangible or intangible, arising out of or resulting from Wife's activities in the entertainment field including, without limitation, her activities as a celebrity, actor, model or performing artist

8

E.    Corporations

    1.    Wife hereby assigns all right, title and interest in and to any and all corporations owned by Husband to Husband, including but not limited to any sums maintained in any corporate account. Wife hereby agrees simultaneously herewith to endorse in blank any stock certificates held by her in said corporations, and Wife agrees to sign a resignation as an officer and/or director of said corporation.

    2.    Husband hereby assigns all right, title and interest in and to any and all corporations owned by Wife to Wife, including but not limited to any sums maintained in any corporate account. Husband hereby agrees simultaneously herewith to endorse in blank any stock certificates held by him in said corporations, and Husband agrees to sign a resignation as an officer and/or director of said corporation.

## ARTICLE V

### MAINTENANCE

Taking into consideration all relevant facts and circumstances, including but not limited to the good health of both parties, the financial employment and employment potential of both parties, neither party seeks nor requires and hereby waives any maintenance or support from the other now or in the future  Therefore, no provision for the support of either party is made herein and is waived

10

ARTICLE VI

## DEBTS

A    Wife warrants and represents to Husband that she has not heretofore incurred or contracted any debts or obligations for which Husband or his estate is or may become liable and further warrants and represents that she will not incur or cause to be incurred any debt or liability whatsoever, whether for necessaries or otherwise, upon the credit of Husband or for which Husband or his estate otherwise may be or become liable, and Wife indemnifies Husband and holds him harmless against any and all debts, liabilities and obligations of any and every kind (and any claims and expenses relating thereto) that my be incurred or contracted by her hereafter or that have heretofore been incurred or contracted for her and/or the Child's benefit  Husband shall notify Wife if any claim is made against him as a result of any debt, charge or liability incurred by Wife and shall afford Wife the opportunity to defend against any such claim at her sole cost and expense.

B    Husband warrants and represents to Wife that he has not heretofore incurred or contracted any debts or obligations for which Wife or her estate is or may become liable and further warrants and represents that he will not incur or cause to be incurred any debt or liability whatsoever, whether for necessaries or otherwise, upon the credit of Wife or for which Wife or her estate otherwise may be or become liable, and Husband indemnifies Wife and holds her harmless against any and all debts, liabilities and obligations of any and every kind (and any claims and expenses relating thereto) that may be incurred or contracted by him hereafter or that have

11

heretofore been incurred or contracted for his and/or the Child's benefit   Wife shall
notify Husband if any claim is made against her as a result of any debt, charge or
liability incurred by Husband and shall afford Husband the opportunity to defend
against any such claim at his sole cost and expense

JUL  1 2003  4:55PM     BINGHAM MC CUTCHEN                    NO 885    P. 14

ARTICLE VII

DIVORCE

A. This Agreement shall be incorporated either expressly or by reference in any judgment divorcing the Parties but shall not be merged therein. The agreements and representations set forth herein shall survive such judgment, and shall be independently enforceable. Neither of the Parties shall request the inclusion in any such judgment of any provision at variance or inconsistent with the provisions of this Agreement.

ARTICLE VIII

RECONCILIATION

This Agreement shall not be invalidated or otherwise affected by a temporary reconciliation between the Parties, nor by a resumption of marital relations between them, unless the reconciliation or resumption be accompanied by a written statement, signed by the Parties with respect to such reconciliation and/or resumption, expressly setting forth that they are canceling this Agreement.

14

## ARTICLE IX

### INCOME TAX

A. If, in connection with any joint income tax return heretofore filed by the Parties, there is a deficiency assessment, the amount ultimately determined to be due thereon, including interest and penalties, shall be paid one-half (1/2) by Husband and one-half (1/2) by Wife, except to the extent that such assessment results from the failure or neglect of either Husband or Wife to disclose any income earned by him or her which should have been included on such return, in which event the non-disclosing party shall be liable for that portion of the assessment relating to such failure

B. All refunds received on any joint income tax return heretofore filed by the Parties shall be divided and distributed as follows: one-half (1/2) to Wife and one-half (1/2) to Husband.

C. The Parties shall cooperate in the defense or prosecution of an action or proceeding by or against either or both of them in connection with a tax claim or assessment relating to a joint return

15

## ARTICLE X

### RELEASES

A    Husband releases any and all claims to or upon the property of Wife, whether real or personal and whether now owned or hereafter acquired, to the end that she shall have free and unrestricted right to dispose of her property now owned or hereafter acquired, free from any claim or demand of Husband, and so that her estate and all income derived or to be derived therefrom shall go and belong to the person or persons who become entitled thereto by Will or devise, bequest, intestacy, administration or otherwise, as if Husband had died during the lifetime of Wife Without in any manner limiting the foregoing, Husband expressly relinquishes any and all rights in the estate of Wife, and expressly relinquishes any and all right of election to take any share of the estate of Wife as in intestacy including, without limiting the foregoing, any right of election under the law of the State of Connecticut and pursuant to any other law of any jurisdiction as said laws may now exist or may hereafter be amended, and any all other right and interest in any real or personal property of which Wife may die seized or possessed, and Husband renounces, and covenants to renounce, any right of administration upon the estate of Wife if and as required or permitted by the laws of practice of any jurisdiction whatsoever

B.    Wife releases any and all claims to or upon the property of Husband, whether real or personal and whether now or hereafter acquired, to the end that he shall have free and unrestricted right to dispose of his property now owned or hereafter acquired, free from any claim or demand of Wife, and so that his estate and

16

all income derived or to be derived therefrom shall go and belong to the person or persons who become entitled thereto by Will or devise, bequest, intestacy, administration or otherwise, as if Wife had died during the lifetime of Husband. Without in any manner limiting the foregoing, Wife expressly relinquishes any and all right of election to take any share of the estate of Husband as in intestacy including, without limiting the foregoing, any right of election under the laws of the State of Connecticut and pursuant to any other law of any jurisdiction as said laws may now exist or may hereafter be amended and any and all other right and interest in any real or personal property of which Husband may die seized or possessed, and Wife renounces, and covenants to renounce, any right of administration upon the estate of Husband if and as required or permitted by the laws or practice of any jurisdiction whatsoever.

C     Except for the obligations herein set forth and to be performed by the Parties, and accrued causes of action for a divorce, all of which are expressly reserved, each of the Parties, for himself and herself, and for his or her heirs and legal representatives, forever releases and discharges the other and the other's heirs and legal representatives from any and all debts, sums of money, accounts, contracts, claims, cause or causes of action, suits, dues, reckoning, bonds, bills, specialties, covenants, controversies, agreements, premises, damages, judgments, extents, executions, and demands whatsoever in law or in equity, which each of them had, now has or hereafter can, shall or may have by reason of any matter from the beginning of the world to the execution of this Agreement

17

ARTICLE XI

ENFORCEMENT

A    If either of the parties shall fail to satisfy any of the obligations undertaken by him or her, and if he or she dies having failed to fully perform any such obligations, his or her estate shall perform all of the obligations hereunder which he or she would have been obligated to perform had he or she survived, and his or her estate shall remedy all defaults, if any, on his or her part  There shall be a creditor's claim against the defaulting provisions of this Agreement on his or her part to be performed.

B.    If Husband or Wife, by action, counterclaim, proceeding, defense or otherwise, shall seek to set aside this Agreement, or to declare any of its terms and/or conditions invalid, void, or against public policy for any reason including, but not limited to, a claim of incompetency, fraud, coercion, duress, undue influence or mistake, such party shall reimburse the other for any and all of the other's reasonable expenses, costs and counsel fees, provided and to the extent that such action or proceeding results in a judgment or order dismissing or rejecting such claim, in whole or in part

C.    In the event that either of the parties shall seek enforcement, or sue for breach, of any provision of this Agreement or seek any relief of any kind relating hereto (other than a judgment of divorce) in a court of competent jurisdiction, the unsuccessful party to such action or proceeding shall be liable to other for his or her reasonable expenses, costs and counsel fees incurred in such action or proceeding

18

## ARTICLE XII

## NOTICES

A.    A notice given or required by this Agreement to be given to Wife shall be deemed given only if in writing and mailed via registered mail to Wife at her address first above set forth, or to such other address which Wife, by registered mail notice, shall have delivered to Husband for the giving of notice.

B    A notice given or required by this Agreement to be given to Husband shall be deemed given only if in writing and mailed by registered mail to Husband at his address first above set forth, or to such other address which Husband, by registered mail notice, shall have delivered to Wife for the giving of notice

C.    Paragraphs A and B to the contrary notwithstanding, a written acknowledgment of the by hand delivery of a notice, if signed by the Party to whom the notice is addressed, shall be deemed sufficient, in which event such notice need not be given by registered mail

D    The second business day after the day of delivery to the Post Office Registry Clerk shall be deemed the day on which notice is given if given by registered mail

## ARTICLE XIII

## ENTIRE AGREEMENT; DISCLOSURE

A.     This Agreement is entire and complete and embodies all prior and
contemporaneous agreements and understandings between the Parties. No repre-
sentations, agreements, promises, undertakings or warranties of any kind or nature
have been made by either of the Parties to the other to induce the execution of this
Agreement or any other document executed simultaneously herewith; neither of the
Parties shall assert to the contrary that there is or was any other prior or
contemporaneous agreement, oral or written, existing between them. No oral
statement or written document heretofore executed by the Parties relating to any
matter whatsoever shall have any force or effect.

B      The Parties are satisfied that this Agreement, and all of the terms and
provisions hereof, is fair and equitable  The Parties acknowledge that they are
entering into this Agreement freely and voluntarily; that they have ascertained and
weighed, to their complete satisfaction, all of the facts and circumstances likely to
influence their judgment; that they have obtained legal advice independently of each
other; that they have been duly apprised of their respective legal rights; that each has
specifically been advised of his and her rights under the laws of the State of
Connecticut concerning marital property, separate property, and other financial
matters; that all the provisions hereof, as well as all questions pertaining thereto,
have been fully and satisfactorily explained to them; that they have given due

20

consideration to such provisions and questions; and that they clearly understand and assent to all the provisions hereof

    D    This Agreement shall not be amended, modified, discharged or terminated except by written agreement of the Parties, signed and subscribed in the form required to record a deed in the State of Connecticut  This Agreement shall not be amended, modified, discharged or terminated by a judgment or order of any court wheresoever situated, whether or not jurisdiction has been obtained, it being the intention and agreement of the Parties that, notwithstanding any law to the contrary, the power to terminate, modify, amend, suspend or extinguish any part or portion of this Agreement shall be vested in the Parties alone.

    E    Any waiver by either of the Parties of any provision of this Agreement, or of any right hereunder, shall not be deemed a continuing waiver and shall not prevent or estop such Party from thereafter enforcing such provision or right; the failure of either of the Parties to insist in any one or more instances upon the strict performance of any of the terms or provisions of this Agreement by the other shall not be construed as a waiver or relinquishment for the future of any such terms or provisions, but the same shall continue in full force and effect

## ARTICLE XIV

## MISCELLANEOUS GENERAL PROVISIONS

A.    This Agreement shall be interpreted, construed and governed by the laws of the State of Connecticut.

B.    Each of the parties shall, at any time and from time to time, promptly execute and deliver without any further consideration any and all further acts that the other may reasonably request for the purpose of effectuating the provisions of this Agreement.

C.    With the exception of the child, no other person shall be deemed a thirty-party beneficiary of this Agreement or be entitled to seek enforcement, or to sue for breach, of the terms hereof.

D.    In the event that any term, provision, paragraph, or Article of this Agreement is, or is declared to be, illegal, void or unenforceable, the same shall not affect or impair the other terms, provisions, paragraphs or Articles of this Agreement. The doctrine of severability shall be applied. The parties do not intend by this paragraph to imply the illegality, voidness or unenforceability of any term, provision, paragraph or Article of this Agreement.

E.    The headings at the beginning of each Article of this Agreement are for reference purpose solely and shall not, in any manner, constitute terms or conditions of this Agreement; nor shall they be applied in interpreting the intent or meaning of any part of this Agreement.

22

F.    This Agreement shall be binding upon and inure to the benefit of the
parties and their respective heirs, executors, administrators, distributees, legal
representatives and assigns.

G.    EACH OF THE PARTIES ACKNOWLEDGES THAT HE OR SHE HAS
READ EACH AND EVERY PAGE OF THIS AGREEMENT IMMEDIATELY PRIOR
TO ITS EXECUTION.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the
date first above set forth.

_____
Witness

_____
Witness

_____
RONALD GRESCHNER

_____
CAROL ALT

d:\alt\sep agmt

23

STATE OF NEW YORK )
ss.:
COUNTY OF NEW YORK )

On the 13 day of January, 1997, before me personally came RONALD GRESCHNER, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledged to me that he executed same.

_____
NOTARY PUBLIC

STATE OF NEW YORK )
ss.:
COUNTY OF NEW YORK )

On the 17 day of January, 1997, before me personally came CAROL ALT, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledged to me that she executed same

_____
NOTARY PUBLIC

DOROTHY M WEBER
Notary Public  State of New York
No. 31-4778032
Qualified in New York County
Commission Expires March 30 19

d:\alt\sep.agmt

24

## SCHEDULE "A"

## HUSBAND'S BANK AND SECURITY ACCOUNTS

**ACCOUNT NAME**                **ACCOUNT NUMBER**

Painewebber (security)          we 50759 90
Water Group (loan)
Telephone Duty (loan)
Imp Bank
Water Group (investment)
IRA (where)                     65816

25

## SCHEDULE "B"

## WIFE'S BANK AND SECURITY ACCOUNTS

| ACCOUNT NAME | ACCOUNT NUMBER |
|---|---|
| Smith Barney (security) | 643-05548-1-8-430 |
| Smith Barney (investment) | 643-05548-1-3-430 |
| Smith Barney (security) | 643-05547-14-430 |
| Smith Barney (investment) | 643-05547-14-430 |
| IRA (where) | 65815 |
| IRA (where) | 65815 (direct) |
| Keogh (where) | 66025 |
| Keogh (where) | 66817 |

d:\slr\sep agmt