UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAROL A. ALT,

                              Index No.: 07CIV6004

               Plaintiff,

-against-                         **AFFIDAVIT**

RONALD J. GRESCHNER,

               Defendant.
----------------------------------------------------------X

STATE OF NEW YORK    )
                                    ) ss.:
COUNTY OF NEW YORK  )

    NANCY LEDY-GURREN, being duly sworn, deposes and says:

    1.    I am a member of the firm of Ledy-Gurren Bass & Siff, LLP, attorneys for defendant Ronald J. Greschner, and I submit this affidavit in support of the defendant's motion to dismiss for (1) lack of subject matter jurisdiction, or, alternatively (2) improper venue. The defense maintains that the current action, initiated by Mr. Greschner's ex-wife Carol Alt, represents nothing more than a claim of purported breach of the parties' Separation Agreement which was duly incorporated in a judgment of divorce from the State of Florida. As such, the controversy rightfully falls outside this Court's jurisdiction under the recognized "domestic relations" exception to diversity jurisdiction.

    2.    Moreover, there are many facts which point to the impropriety of plaintiff's venue selection. The defendant Greschner is admittedly a resident of Florida, the Separation Agreement itself was executed while the parties were residents of Connecticut, and was incorporated in a Florida divorce decree. Indeed, the investment referred to in the complaint was a Canadian investment. There is no nexus to New

York (save the plaintiff's own residence) sufficient to properly place venue in this District.

A. <u>The Procedural History</u>

3. Plaintiff Carol Alt initiated this action by filing the summons and complaint [Exhibit 1] on June 25, 2007. Pursuant to a stipulation between counsel [Exhibit 2], the defendant Greschner's time to answer or move has been extended until August 24, 2007. In lieu of answering, defendant initiates this motion to dismiss, (1) pursuant to Rule 12 (b)(1) on the basis of a failure of subject matter jurisdiction, and (2) pursuant to Rule 12(b)(3) on the basis of improper venue.

B. <u>The Allegations of the Complaint</u>

4. The gravamen of this case is plaintiff Alt's allegation that defendant Greschner violated a "Property Settlement Agreement", dated January 13, 1997, by purportedly failing to share profits exceeding $800,000 earned as a result of an investment known as the "Water Group" investment. [Exhibit 1, ¶¶6, 13, 15]. Plaintiff claims that she is entitled to a recovery of 9 million dollars (and attorneys' fees), and predicates the action on diversity of citizenship: Alt is a resident of New York [id. at 1] and defendant Greschner is a resident of the State of Florida [Id. at 2; Greschner Aff. ¶1][1]. These fairly simple allegations have spawned no less than four (4) distinct causes of action, sounding in : (1) breach of contract [Exh. 1, ¶¶ 16-18]; (2) unjust enrichment [Exh. 1, ¶¶

---

[1] Defendant Greschner here submits an affidavit, based upon personal knowledge ["Greschner Aff"], together with documentary exhibits [hereto cited as "Greschner Exh."], in support of the application.

19-21]; (3) breach of fiduciary duty [Exh. 1, ¶¶ 22-26]; and (4) an accounting for those supposed profits [Exh. 1, ¶¶ 27-28].

5.  The duplicative pleading, however, does not conceal the essential admitted facts which serve to establish that this action is nothing more than an attempt to enforce certain claimed rights under the parties' Property Settlement Agreement– a domestic relations' property resolution which was duly incorporated into the Florida Judgment of divorce which dissolved the parties' marriage.

6.  Indeed, even a cursory view of the complaint reveals that plaintiff Alt concedes to the pertinent, and controlling, "procedural" facts:

   a.  Plaintiffs were married in New York in 1983 [Compare, Exh. 1, ¶5 and Greschner Aff., ¶2];

   b.  On January 13, 1983, the parties entered into a Separation Agreement, or "Property Settlement Agreement" [Greschner Exh. A] by which they divided their property [Compare, Exh. 1, ¶6 and Greschner Aff., ¶2];[2]

   c.  Plaintiff Alt's "claim of right" to the Water Group investment is premised solely on the Property Settlement Agreement, Article IV, Section A.3 [Compare, Exh. 1, ¶7 and Greschner Exh. A]; and

   d.  The parties secured a judgment of divorce from the Florida Court [Compare, Exh. 1, ¶10 and Greschner Exh. C]; and

---

[2]Interestingly, although the plaintiff claims– in paragraph 4 of the Complaint– that "substantial events upon which this action is based occurred in New York, New York"– apparently to support her incorrect venue choice, it is apt to note that (1) at the time of the Property Settlement Agreement, the parties were residents of Connecticut [Greschner Aff., ¶2]; (2) the Property Settlement Agreement has a choice of law provision which states that it is to be governed by the law of Connecticut [Greschner Exh. A, p. 22, Art. XI(A)]; (3) the Property Settlement Agreement was amended by the parties in connection with Florida proceedings [Greschner Exh. B]; and (4) the Agreement was incorporated in the Florida divorce judgment [Greschner Exh. C]. The claim of "negotiation" of the Agreement (presumably by the plaintiff) in New York is of no consequence, either as a matter of subject matter jurisdiction or venue.

  e. The Property Settlement Agreement, as amended in Florida, is incorporated in the Florida Judgment of divorce [Compare, Exh. 1, ¶11 and Greschner Exh. C].

Defendant Greschner respectfully submits that the admitted facts serve to establish that, pursuant to the "domestic relations" exception to diversity jurisdiction, this action is improperly brought before this Court [See Greschner Memorandum of Law, Points I and II].

  7. Alternatively, the defendant moves to dismiss on the grounds that plaintiff Alt has manifestly made an improper venue selection. Pursuant to the Federal venue rules, there needs to be a connection between the *defendant* and the forum, or the underlying activities and the forum. Plaintiff Alt makes no such showing here, where the sued-upon obligations arise out of a Separation Agreement governed by Connecticut law (the marital residence at the time of separation), incorporated into a Florida divorce decree, and relating to a Canadian investment. The action should be dismissed on the venue objection alone. [Memorandum of Law, Point III].

  WHEREFORE, the defendant Ronald Greschner respectfully requests that his motion to dismiss be granted in all respects.

_____
NANCY LEDY-GURREN

Sworn to before me this
24th day of August, 2007.

_____

ELISSA L. SHECHTER
Notary Public, State of New York
Registration #02SH6054504
Qualified in New York County
Commission Expires Feb. 5, 2011

- 4 -