Exhibit 1

Richard A. Roth (RAR 5538)
Jordan M. Kam (JK 8938)
THE ROTH LAW FIRM, PLLC
545 Fifth Avenue, Suite 960
New York, New York 10017
Tel: (212) 542-8882
Fax: (212) 542-8883
*Attorneys for Plaintiff Carol A. Alt*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAROL A. ALT,

                Plaintiff,

   -against-

RONALD J. GRESCHNER,

                Defendant.
-------------------------------------------------------------X

RECEIVED
JUN 25 2007
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE McMAHON

07 CIV 6004

Index No.

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Carol A. Alt ("Plaintiff"), by her attorneys, The Roth Law Firm, PLLC, hereby alleges the following against Defendant Ronald J. Greschner ("Defendant").

## PRILIMINARY STATEMENT

Plaintiff and Defendant married in 1983. In 1997, upon deciding to separate, Plaintiff and Defendant entered into a Property Settlement Agreement. As part of that agreement, Plaintiff and Defendant agreed that as a result of funds that Plaintiff provided to Defendant ($1,000,000 Canadian dollars) -- so that he could then loan such money to prevent a hostile takeover of a company of which Defendant maintained a twenty percent ownership interest -- Plaintiff and Defendant would split any eventual proceeds made from the investment in the company fifty-fifty (above the first $800,000, the approximate equivalent of $1,000,000 Canadian, which would belong to Defendant).

Upon information and belief: (i) Defendant has already received in excess of the $800,000 minimum pursuant to the agreement (from the repayment of the loan from the company to Defendant); and (ii) Defendant has recently liquidated the couples' investment for eighteen million dollars ($18,000,000) but refuses to divide the monies in accordance with the clear and explicit agreement between the parties. Plaintiff has recently approached Defendant, both orally and in writing, to obtain her fifty-percent interest. Defendant refused to acknowledge the sale or pay any sums or even provide an accounting.

Plaintiff therefore commences this action for a Judgment in the amount of $9,000,000 (or an amount to be determined after a full accounting) with statutory interest, plus all of her attorneys' fees and court costs (which is also specifically provided for under the agreement). Additionally, because of Defendant's intentional bad faith conduct in breaching the fiduciary duty he owed to Plaintiff (in failing to marshal and dispense the proceeds of the investment's liquidation), Plaintiff further requests that the Court award punitive damages against Defendant in the amount of $3,000,000.

## PARTIES

1. Plaintiff Carol Alt is an individual residing in New York County, New York.

2. Upon information and belief, Defendant Ronald Greschner is an individual residing in the State of Florida and maintains dual United States and Canadian citizenships.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as there is complete diversity of citizenship and the damages alleged are in excess of $250,000. Plaintiff requests trial by jury.

4.  Venue is proper as substantial events upon which this action is based occurred in New York, New York and the contract upon which this action is based was negotiated and executed by Defendant in New York, New York.

## FACTS

5.  Plaintiff and Defendant were married in East Williston, New York, on November 21, 1983.

6.  Plaintiff and Defendant entered into a Property Settlement Agreement on January 13, 1997, which equitably divided the partied marital property, including bank and security accounts. The Property Settlement Agreement (the "Settlement Agreement") is annexed hereto as Exhibit A.

7.  Article IV Section A.3 of the Settlement Agreement states in relevant part:

> With reference to the Water Group investment ... [i]n the event of sale of this investment, the profit in excess of Eight Hundred Thousand ($800,000) shall be divided, and one-half (1/2) of the profit in excess of Eight Hundred Thousand ($800,000) Dollars shall be paid to Wife.

See Exhibit A, page 6, Article IV, Section A.3. The agreement to divide the proceeds of the eventual Water Group investment (in accordance with Article IC Section A.3 of the Settlement Agreement) came about as a result of Plaintiff granting to Defendant $1,000,000 Canadian dollars so that Defendant could then loan that money to Water Conditioning Canada Ltd. in order to stave off a hostile takeover. At that time, Defendant maintained a twenty-percent ownership interest in the company and was a member of its Board. Accordingly, it was vital for Defendant to obtain the loan money to protect the original investment (which at the time of the loan was estimated to be worth several million dollars). Thereafter, in 1997 (the same year as the Settlement Agreement's execution), upon information and belief, the company repaid the loan to Defendant (with interest) and the company was then purchased by USF WaterGroup Inc. (now

3

known as WaterGroup Companies, Inc.), a wholly-owned Canadian subsidiary of United States Filter Corp. ("US Filter").

8. In the event of divorce, Article VII Section A of the Settlement Agreement states:

> This Agreement shall be incorporated either expressly or by reference in any judgment divorcing the Parties but shall not be merged therein. The agreements and representations set forth herein shall survive such judgment, and shall be independently enforceable. Neither of the Parties shall request the inclusion in any such judgment of any provision at variance or inconsistent with the provisions of this Agreement.

See Exhibit A, page 13, Article VII, Section A.

9. Article XI Section C states:

> In the event that either of the parties shall seek enforcement, or sue for breach, of any provision of this Agreement or seek any relief of any kind relating hereto (other than a judgment of divorce) in a court of competent jurisdiction, the unsuccessful party to such action or proceeding shall be liable to other for his or her reasonable expenses, costs and counsel fees incurred in such action or proceeding.

See Exhibit A, page 18, Article XI, Section C.

10. On or about March 15, 2001, the Circuit Court of the Fifteenth Judicial Circuit of Florida, Palm Beach County, entered a Final Judgment of Dissolution of Marriage (the "Divorce Decree").

11. Pursuant to Article IV, Section A.3 of the Settlement Agreement, the Settlement Agreement was incorporated into the Divorce Decree.

12. Upon information and belief, Defendant was repaid the loan in 1997 (with interest) and received well over $800,000 from the proceeds thereof. Additionally, upon information and belief, Defendant has recently liquidated the Water Group Investment (referenced in Article IV Section A.3 of the Settlement Agreement) for approximately eighteen million dollars ($18,000,000).

4

13. Pursuant to Article IV Section A.3 of the Settlement Agreement, Defendant is obligated to pay Plaintiff one-half of the profit of the Water Group investment in excess of Eight Hundred Thousand Dollars ($800,000). Because Plaintiff believes Mr. Greschner was repaid the loan in 1997 (and received over $800,000), those monies fulfill the $800,000 requirement in Article IV, Section A.3 of the Agreement.

14. On or about January 8, 2007, a representative of Plaintiff sent a letter to Defendant inquiring about the sale of the Water Group Investment and thus the requisite payment to Plaintiff pursuant to the Settlement Agreement. Moreover, Defendant was again notified of Plaintiff's claim on April 6, 2007. Defendant failed to adequately respond to the inquiries. In addition, Plaintiff directly approached Defendant to inquire about the investment's proceeds, wherein Defendant denied any such liquidation.

15. Defendant is contractually obligated to pay Plaintiff Nine Million Dollars ($9,000,000), plus statutory interest at 9% per annum from the time of Defendant's receipt of the investment proceeds. Additionally, as a result of Defendant's failure to timely pay Plaintiff, thereby causing the commencement of this court action, Defendant is also obligated (pursuant to Article VII, Section A of the Settlement Agreement) to pay Plaintiff's reasonable expenses, costs and attorneys' fees herein.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT

16. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

17. By not timely paying and refusing to pay Plaintiff the monies due to her under Article IV Section A.3 of the Settlement Agreement, Defendant is in breach thereof.

18. As a direct result of Defendant's breach of contract, Plaintiff has been injured in an amount to be determined at trial, but believed to be no less than $9,000,000, plus statutory

Case 1:07-cv-06004-CM    Document 8-3    Filed 08/30/2007    Page 7 of 9


interest of 9% per annum commencing at the time of Defendant's sale of the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement).

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

19. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

20. By not timely paying and refusing to pay Plaintiff the monies due to her under Article IV Section A.3 of the Settlement Agreement, Defendant has been unjustly enriched by $9,000,000.

21. As a direct result of Defendant's unjust enrichment, Plaintiff has been injured in an amount to be determined at trial, but believed to be no less than $9,000,000, plus statutory interest of 9% per annum commencing at the time of Defendant's sale of the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement).

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

22. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

23. Pursuant to Article IV Section A.3 of the Settlement Agreement, Defendant was obligated to marshal all proceeds (after the first $800,000) of the Water Group investment and divide the proceeds according to the mathematical formula stated therein.

24. In his capacity to marshal and divide the Water Group Investment proceeds in the event of sale, Defendant agreed to act as a fiduciary to Plaintiff.

25. Not only did Defendant breach the fiduciary duty he owed to Plaintiff when he refused to marshal and divide the Water Group Investment proceeds according to the terms of

the Settlement Agreement, Defendant willfully and intentionally breached his duty in an effort to hide the investment's liquidation from Plaintiff. Defendant's intentional breach of the fiduciary duty he owed to Plaintiff is particularly egregious because Defendant would not have been able to stop the hostile takeover (and thus may not have been able to liquidate the Water Group Investment for the price at which it was sold) if it had not been for Plaintiff's agreement to supply $1,000,000 Canadian dollars to Defendant (so that he could loan that money to the company).

26.    As a direct result of Defendant's breach of his fiduciary duty owed to Plaintiff, Plaintiff has been injured in an amount to be determined at trial, but believed to be no less than $9,000,000, plus statutory interest of 9% per annum commencing at the time of Defendant's sale of the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement). Moreover, as a result of Defendant's intentional breach, Plaintiff request punitive damages in an amount exceeding $3,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR AN ACCOUNTING

27.    Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

28.    Defendant was obligated under Article IV Section A.3 of the Settlement Agreement to marshal and divide monies received by Defendant that relate to the Water Group Investment (which includes any and all monies received by Defendant that refers or relates to Water Conditioning Canada Ltd. and US Filter). Defendant has breached his obligation to marshal and divide the proceeds pursuant to the Settlement Agreement -- nor will Defendant agree to disclose any relevant information regarding said investment.

29. As a direct result of Defendant's breach, Plaintiff is unable to ascertain what monies are owed to her under the Settlement Agreement and thus Plaintiff requests a full accounting of the Water Group Investment and all sales of securities and monies received in any form relating thereto.

**WHEREFORE**, Plaintiff respectfully requests Judgment in her favor in an amount to be determined at trial, but believed to be no less than $9,000,000 in compensatory damages, $3,000,000 in punitive damages, plus statutory interest of 9% per annum commencing at the time of Defendant's receipt of monies relating to the Water Group Investment, plus Plaintiff's reasonable expenses, costs and attorneys' fees herein (pursuant to Article VII, Section A of the Settlement Agreement). Additionally, Plaintiff requests a full accounting of the Water Group Investment and all sales of securities and monies received in any form relating thereto.

DATED:  New York, New York
        June 25, 2007

Respectfully Submitted,

THE ROTH LAW FIRM, PLLC

By: _____
    Richard A. Roth (RAR 5538)
    Jordan M. Kam (JK 8938)
545 Fifth Avenue, Suite 960
New York, New York 10017
Tel: (212) 542-8882
Fax: (212) 542-8883
*Attorneys for Plaintiff Carol A. Alt*