UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CAROL A. ALT,

                                          Index No.: 07CIV6004

                      Plaintiff,

     -against-

RONALD J. GRESCHNER,

                      Defendant.
-------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANT GRESCHNER
## IN SUPPORT OF MOTION TO DISMISS

                                     Ledy-Gurren, Bass & Siff, LLP
                                     Attorneys for Defendant Greschner
                                     475 Park Avenue South
                                     New York, New York 10016
                                     (212) 447-1111

Nancy Ledy-Gurren
Elissa Shechter

     *Of Counsel*

# TABLE OF CONTENTS

**(pages)**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I --    PLAINTIFF CANNOT ESTABLISH SUBJECT
            MATTER JURISDICTION IN THIS COURT . . . . . . . . . . . . . . . . . . . . . . 2

POINT II --   DIVERSITY JURISDICTION IS DEFEATED IN CLAIMS
            WHICH ARISE FROM DOMESTIC RELATIONS JUDGMENTS . . . . . . . 3

POINT III --  ALTERNATIVELY, THIS ACTION MUST BE DISMISSED
            ON THE BASIS OF IMPROPER VENUE . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**(pages)**

## Cases

Ankenbrant v. Richards, 504 U.S. 689, 112 S.Ct. 2206 (1992) . . . . . . . . . . . . . . . . .  3

Barber v. Barber, 21 How. 582 (1859) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Blumenthal-Levy v. Coldwell Banker Hunt Kennedy,
    14 Misc. 3d 1238, 836 N.Y.S.2d 497 (Sup. Ct. N.Y. Co. 2007) . . . . . . . . . . . . .  5

In Re Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 85 (1890 . . . . . . . . . . . . . . . . . . . . . . .  3

Kamen v. American Tel. & Tel. Co., 791 F.2d 1006 (2d Cir. 1986) . . . . . . . . . . . . . . .  2

Kaminsky v. FSP, Inc., 6 A.D.3d 251,773 N.Y.S.2d  (1st Dept. 2004) . . . . . . . . . . . . .  5

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) . . . . . . . . . . . . . . . . . .  2

McLaughlin v. Cotner, 193 F.3d 410 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . .  4

Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) . . . . . . . . . . . . . . . . . .  6

Morgan, Lewis & Bockius LLP v. IbuyDigital.com Inc.,
    14 Misc.3d 1244, 836 N.Y.S.2d 486 (Sup. Ct. N.Y. Co. 2007) . . . . . . . . . . . . .  5

Sally Lou Fashions Corp. v. Marcille, 300 A.D.2d 224,
    755 N.Y.S.2d 67 (1st Dept. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Weiss v. Weiss, 375 F.Supp.2d 10 (Conn. D. 2005) . . . . . . . . . . . . . . . . . . . . . . . . .2-4

William Kaufman Organization, Ltd. V. Graham & James, LLP, 269 A.D.2d 171,
    703 N.Y.S.2d 439 (1st Dept. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

## Rules and Statutes

Federal Rule of Civil Procedure 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
28 U.S.C. § 1391(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CAROL A. ALT,

                        Plaintiff,

      -against-

RONALD J. GRESCHNER,

                       Defendant.
-------------------------------------------------------X

Index No.: 07CIV6004

## MEMORANDUM OF LAW OF DEFENDANT GRESCHNER
## IN SUPPORT OF MOTION TO DISMISS

### Preliminary Statement

Plaintiff initiates this action for breach of contract, premised on diversity of citizenship, contending that the defendant Greschner has breached his obligations under the parties' Separation Agreement (encaptioned "Property Settlement Agreement"), and failed to account for alleged profits of an investment.   Defendant Greschner here moves to dismiss the action on the basis of (1) a lack of subject matter jurisdiction or, alternatively, (2) improper venue.

The facts of the controversy, the allegations of the complaint, and the documentary evidence are fully detailed in the annexed affidavits of Nancy Ledy-Gurren and Ronald Greschner, and need not be reiterated herein.   At this juncture, it is sufficient to note that the parties (1) entered into the Property Settlement Agreement while residents of the State of Connecticut; (2) amended such Agreement as part of Florida divorce proceedings; and (3) had the Property Settlement Agreement incorporated into the Florida Judgment of Divorce.  Moreover, plaintiff's claim of entitlement to the alleged

profits of the investment derives directly, and solely, from the Property Settlement

Agreement.    These undisputed facts make is manifest that, (1) despite the diversity of

citizenship of the two parties, there is no subject matter jurisdiction in this Court by

virtue of the "domestic relations" exception; and (2) plaintiff has made a manifestly

improper venue selection.

## POINT I

### PLAINTIFF CANNOT ESTABLISH SUBJECT MATTER JURISDICTION IN THIS COURT

A case is properly dismissed for lack of subject matter jurisdiction in the event that

the District Court lacks either statutory or constitutional power to decide it.    Makarova v.

United States, 201 F.3d 110, 113 (2d Cir. 2000).    In determining a motion to dismiss,

the Court may consider both documentary evidence and affidavits of the parties.

Kamen v. American Tel. & Tel. Co., 791 F.2d 1006 (2d Cir. 1986).    Indeed, the burden

of proving the existence of subject matter jurisdiction (by a preponderance of the

evidence) rests with the party asserting the claim, in this instance the plaintiff Alt.    Weiss

v. Weiss, 375 F.Supp.2d 10 (Conn. D. 2005).    Plaintiff Alt cannot meet this burden,

inasmuch as her claim rests squarely on a Florida divorce decree (incorporating a

Connecticut Separation Agreement) and this Court's power to entertain the suit is

divested by the domestic relations exception to diversity jurisdiction.

2

## POINT II

## DIVERSITY JURISDICTION IS DEFEATED IN CLAIMS
## WHICH ARISE FROM DOMESTIC RELATIONS JUDGMENTS

As early as 1859, the Supreme Court announced that it "disclaimed" jurisdiction of the Federal Courts in matters involving divorce or alimony. Barber v. Barber, 21 How. 582 (1859); *accord*, In Re Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 85 (1890)["the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"]. Indeed, in Ankenbrant v. Richards, 504 U.S. 689, 112 S.Ct. 2206 (1992), the Court had the occasion to examine the genesis, and reiterate the importance, of the "domestic relations exception" to Federal diversity jurisdiction, which operates to divest the federal courts of the power to issue divorce, alimony and child custody decrees, 504 U.S. at 703, or determine controversies which affect such decrees. *See, e.g.*, Weiss v. Weiss, 375 F.Supp.2d 10 (Conn. Dist. 2005). The area of domestic relations has traditionally been left to state courts and is an area in which such state tribunals have particular expertise. Ankenbrandt v. Richards, 504 U.S. at 703.

The Sixth Circuit, in a case quite similar to that at bar, noted that a claim to enforce a Separation Agreement, which was incorporated into the parties' divorce decree, is precisely the type of lawsuit which concerns a conflict over a divorce decree, and one which is not properly heard by a District Court sitting in diversity:

> Plaintiff is attempting to disguise the true nature of the action by claiming that she is merely making a claim for damages based on a breach of contract. However, the alleged "contract" is part of a separation agreement that was voluntarily entered into by the parties, and the separation agreement was incorporated into the divorce decree. This case thus involves issues arising out of

3

conflict over a divorce decree, and, according to *Ankenbrandt*, comes within the 'domestic relations exception'.

McLaughlin v. Cotner, 193 F.3d 410 (6th Cir. 1999).   Similarly, District Courts in this Circuit have arrived at the identical conclusion.    In Weiss v. Weiss, 375 F.Supp. 2d 10 (Conn. D. 2005)– a case identical to that at bar--the court was confronted with plaintiff's diversity action, initiated against her ex-husband, claiming breach of contract, breach of fiduciary duty, fraud and conversion arising out of defendant's alleged noncompliance with their "marital dissolution agreement". Id. at 12.   The Connecticut District Court dismissed the breach of contract claims, under the domestic relations exception, and abstained from reviewing the purported tort claims.

In this case, plaintiff Alt asserts a breach of contract action, a quasi-contract action (unjust enrichment), and a claim for accounting, all theories of recovery which are *ex-contractu*.  The only "colorable" tort claim is the claim for breach of fiduciary duty, but that cause may not properly state a tort claim, outside the domestic relations exception, for several reasons.    First, plaintiff's complaint mistakenly asserts that the Property Settlement Agreement includes a fiduciary obligation of the defendant Greschner to "marshal and divide" monies relating to the Water Group investment. [Exh. 1, ¶28]. Indeed, the Agreement dictates that only profits are to be divided, and does not, in any manner, impose a "fiduciary" duty upon the defendant [Greschner Exh. A].  Moreover, as the Court noted in *Weiss*, *supra*, the existence of any "fiduciary duty" is inseparable from an interpretation of the rights contained in the Property Settlement Agreement, thus demanding an interpretation of that Agreement *which must come from another court*.  Finally, under the law of this forum, a breach of fiduciary duty claim that

4

represents nothing more than a "re-pleading" of a breach of contract action, fails to state a viable tort claim.   William Kaufman Organization, Ltd. V. Graham & James, LLP, 269 A.D.2d 171, 703 N.Y.S.2d 439 (1st Dept. 2000)["[a] cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand"]; accord, Morgan, Lewis & Bockius LLP v. IbuyDigital.com Inc., 14 Misc.3d 1244, 836 N.Y.S.2d 486 (Sup. Ct. N.Y. Co. 2007).  Pursuant to New York law, a separate action for breach of fiduciary duty must, to be cognizable, refer to conduct which is "separate, distinct, and independent of the contract itself".  Blumenthal-Levy v. Coldwell Banker Hunt Kennedy, 14 Misc. 3d 1238, 836 N.Y.S.2d 497 (Sup. Ct. N.Y. Co. 2007); accord, Kaminsky v. FSP, Inc., 6 A.D.3d 251,773 N.Y.S.2d  (1st Dept. 2004); Sally Lou Fashions Corp. v. Marcille, 300 A.D.2d 224, 755 N.Y.S.2d 67 (1st Dept. 2002).   Clearly, plaintiff Alt can make no such a showing, as the complaint itself states that the defendant's purported failure to live up to his obligations in the Property Settlement Agreement (and a particular paragraph thereof) constitutes the alleged breach of fiduciary duty. Accordingly, there is no separate "tort" claim on which to exclude this case from  the domestic relations exception to diversity jurisdiction.

## POINT III

### ALTERNATIVELY, THIS ACTION MUST BE DISMISSED ON THE BASIS OF IMPROPER VENUE

Defendant maintains that this action may not be addressed in any federal forum. However, in the alternative, defendant asserts that the complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(3) and  28 U.S.C. § 1406(a), on the basis of improper venue under 28 U.S.C. § 1391(a).  In diversity cases such as the one

5

at bar, this statute directs that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred , or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a).  A review of the governing statute in light of the facts of the case makes manifest that plaintiff's choice of venue is in error.

First, New York is not a place of residence of the defendant, as Greschner clearly is a resident of Florida [Greschner Aff. ¶1].  Second, this district is not the site of any events giving rise to this dispute, nor is it the site of the property at issue.  The Property Settlement Agreement was entered into while both parties were residents of the State of Connecticut [Greschner Aff. ¶2], it was amended as part of Florida divorce proceedings [Greschner Aff. ¶3], and was incorporated into a Florida Judgment of Divorce [Greschner Aff. ¶3;Greschner Exh. C].  Indeed, the investment in issue involves Canadian Companies [Exh.1, ¶7].  Accordingly, there can be no argument that this district has any relationship to the events or property in controversy.  Finally, the impropriety of this venue is further established, inasmuch as there are other judicial districts in which the action may be brought.  Venue is patently improper and this action should be dismissed or, in the discretion of the Court, transferred to a district in which venue properly lies. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

## Conclusion

On the basis of the foregoing, the defendant Ronald Greschner respectfully requests that his motion to dismiss be granted in all respects and that this Court order such other, further and different relief as may be just and necessary.

Respectfully submitted,

Ledy-Gurren Bass & Siff, LLP

By: _Nancy Ledy-Gurren_

Nancy Ledy-Gurren (2186)
Attorneys for Defendant
RONALD J. GRESCHNER
475 Park Avenue South
New York, New York 10016
(212) 447-1111

Dated:       August 24, 2007
             New York, New York

7