**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
CAROL A. ALT,

                       Plaintiff,                 Index No. 07 CIV 6004

     -against-

RONALD J. GRESCHNER,

                                         **AFFIDAVIT**
                    Defendant.
-----------------------------------------------------------X

STATE OF NEW YORK   )
                       ) ss.:
COUNTY OF NEW YORK )

     **CAROL A. ALT**, being duly sworn, deposes and says the following under penalties of

perjury:

     1.     I am the Plaintiff in this action and reside in New York, New York. I submit this

affidavit based upon my personal knowledge and in opposition to Defendant Ronald J.

Greschner's motion to dismiss the Complaint.

     2.     Defendant and I were married in East Williston, New York, on November 21,

1983.

     3.     Subsequently, there came a point in time when Defendant and I decided to divide

our property in contemplation of an eventual divorce. Because Defendant and I had an amicable

relationship at the time, we decided to hire Dorothy M. Weber, Esq., a New York attorney, to

assist us in negotiating and drafting an agreement to that effect. Ms. Weber was at all relevant

times a lawyer with the law firm Shukat Arrow Hafer Weber & Herbsman, L.L.P., a law firm

maintaining an office at 111 West 57th Street, New York, New York, 10019.

4.    Defendant and I physically appeared at Ms. Weber's New York City office wherein we negotiated, approved and eventually executed the agreement drafted by Ms. Weber - - entitled, Property Settlement Agreement (such document is annexed to the Complaint as Exhibit A).  In fact, the agreement itself (at page 24) shows that both Defendant and I executed the agreement in the "State of New York" and "County of New York".

5.    The Property Settlement Agreement (at pages 13 and 23) provides that: (i) the Property Settlement Agreement "shall not be merged" in any divorce judgment; (ii) the Property Settlement Agreement is "independently enforceable" from any divorce judgment; and (iii) the Property Settlement Agreement "shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, distributes, legal representatives and assigns." These were material terms of the Settlement Property Agreement upon which Defendant agreed to be bound.

Carol A. Alt

Sworn to before me this
_13_ day of September 2007

_____
Notary Public

JORDAN KAM
Notary Public, State of New York
No. 02KA6109103
Qualified in New York County
Commission Expires 04/26/2008

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK  )

       JORDAN M. KAM, ESQ., affirms under penalties of perjury:

1.     I am over the age of 21 years, am not a party to the action, and reside in New York, New York.

2.     On September 20, 2007, I served, by FedEx, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, and Affidavit of Carol A. Alt in opposition to Defendant's Motion to Dismiss, on Defendant's attorney, as the following address:

    Nancy Ledy-Gurren, Esq.
    Ledy-Gurren Bass & Siff, LLP
    475 Park Avenue South, 8th Floor
    New York, NY 10016

                                   _____
                                    Jordan M. Kam