**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805-6325

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

CHAMBERS OF
COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

MEMORANDUM TO ALL COUNSEL IN: Alt v. Greschner
                                                    07 Civ. 6004

FROM:                          Judge McMahon

RE:                            October 31, 2007 letter from Defense Counsel

DATE:                          November 5, 2007

Counsel:

I am constrained to respond to the letter I received from Ms. Ledy-Gurren. I was out of the office last Thursday and Friday, which is why it has taken so long to respond.

First, I decline to recuse myself from this matter. It is true, I don't like matrimonial cases – they belong in the state courts, where the matrimonial itself was handled, and I find it an insult to the very fine judges who handle such matters on a routine basis when complaints about alleged breaches of separation agreements and divorce decrees are brought to federal judges, often with requests that we second guess the experts about the scope of the parties' agreements. (Of course, since it is Ms. Alt who turned this into a federal case, the fact that the matter is before me hardly prejudices Mr. Greschner).

It is equally true that I do not take kindly to anyone (husband or wife) who reneges or tries to find a way around a binding agreement that was hammered out in the context of unwinding a family unit. I equally dislike spouses who manufacture disputes in order to keep alive matrimonial actions that were over long ago.

That said, I have no feelings one way or the other about Mr. Greschner. I have no prejudice against him, from any source. There is no need for me to recuse myself.

As for the immediacy of the trial: one of my very strongly held feelings about matrimonial matters is that they ought to be resolved immediately, but tend to drag on and on. I bring this particular "prejudice" (if you could call it a prejudice) to the table whenever a lawsuit related to a

Copies mailed /faxed/handed to counsel on _//_ /___ /___

matrimonial comes before me. That meanst I want the matter tried on an expedited basis, so the parties can go their separate ways again.

This case seemed to me particularly well suited for expedited treatment. I remind Mr. Greschner's attorney that, at out opening conference, I was assured that documents could be produced IMMEDIATELY that would establish that Ms. Alt was wrong in her allegations. The attorney (whom, if I recall correctly, was not Ms. Ledy-Gurren, but another attorney from her firm) also did not see why, once counsel produced these documents, the matter would not go away. It was Mr. Greschner's attorney who volunteered to produce those documents within a week of our conference.

I took the attorney at his word with respect to the representations made to me. Therefore, I was both surprised and displeased to learn that documents that I was told would set this matter to rest for once and for all are not in fact immediately available – or, if they were, were not immediately produced. By expressing my pique with the failure to produce these dispositive documents on the agreed-upon schedule, I am only holding Mr. Greschner to what his lawyers, as officers of the court, said to me. If he has any problem with that, he should take it up with his attorneys, who made the statements that set the court's mind-set.

I also remind Ms. Ledy-Gurren that it is plaintiff who bears the burden of proving her allegations. Mr. Greschner is the defendant; the burden of proof does not rest with him. If, as has been represented to me by defendant's counsel, Ms. Alt has no documents about this sale, and no information about it, then she will be hard pressed to make it past a motion for a directed verdict, let alone to contradict any testimony by Mr. Greschner about when he in fact sold this asset. And if I conclude that she had no good faith basis for alleging that Mr. Greschner was in breach of his settlement agreement, then Ms. Alt and her lawyers will be subject to sanctions.

I have much better things to do than to try this case, and I suspect the parties do as well. But try it I will, and immediately, unless the parties come to their senses and resolve this matter.

U.S.D.J.