```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

CAROL ALT,

      Plaintiff,

-against-                                 07 Civ. 6004 (CM)

RONALD GRESCHNER,

      Defendant.

————————————————————————x

McMahon, J.:

      I have received and reviewed correspondence from both parties concerning the discovery previously ordered by the Court.

      The discovery provided by Ronald Greschner is, in the opinion of the Court, woefully inadequate. What I directed was that Mr. Greschner provide information about the Water Group Investment, in all of its various iterations, from the time the parties' separation agreement was signed until such time as the investment was monetized. This means I want information about EVERY exchange (including exactly what was exchanged for what – seeing the word "exchanged" on a brokerage statement tells only half the story) up to and including the time when Mr. Greschner or Ronald Greschner Enterprises (I care not which one) received cash money for some security that can ultimately be traced back to the Water Group Investment. I am not prejudging either party's argument about when the "sale" referenced in the settlement agreement took place, or whether the "sale" had to be for money or could be effected by an exchange of securities. However, if I were to limit discovery in accordance with defendant's theory of when the "sale" took place – which is more or less what defendant is asking me to do – I would be prejudging the matter. The plaintiff's theory is that no "sale" took place until Mr. Greschner realized cash money. Therefore, I want to know when he realized cash money, and how much he realized – and if that requires tracing the funds back through several iterations of stock ownership, then so be it.

      I remind counsel for Mr. Greschner that this court was told last July that it would be the work of a moment to produce all the documents relating to this investment. It is now almost December, and I still do not have documents enabling me to track this investment all the way through to the time when it was cashed out. I am, frankly, beginning to smell a rat. And I am perfectly willing to draw an adverse inference against Mr. Greschner's position if all the relevant documents (using my definition of relevance, not Mr. Greschner's) are not produced

immediately – with immediately being defined as no later than December 10.

    That being said, I want to stop in its tracks any suggestion that this Court is going to be inquiring into the bona fides of the Settlement Agreement itself. If Ms. Alt wishes to argue that she was fraudulently induced to enter into the Settlement Agreement (a suggestion made at the top of the second page of her lawyer's letter to the court), she will have to make that argument to the Court that granted the divorce. "Principles of equity" really have nothing to do with this simple breach of contract dispute, so both sides should stop arguing the "equities" to me and focus on what is relevant – or, rather, on what the court has ruled is relevant.

Dated: November 26, 2007

_____
U.S.D.J.

BY ECF TO ALL COUNSEL