# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CAROL A. ALT,

                          Plaintiff,                         Index No. 07 CIV 6004

      -against-

RONALD J. GRESCHNER,

                          Defendant.

-------------------------------------------------------------X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant Ronald J. Greschner, by his attorneys, Ledy-Gurren Bass & Siff, LLP, hereby provides the following responses to Plaintiff Alt's Second Request for the Production of Documents, dated October 26, 2007.

Defendant produces such documents without concession as to the admissibility of documents at trial and reserves the right to object to the admission of any documentary evidence on all available evidentiary grounds, including inadvertent production by his attorneys. Defendant produces such documents after a diligent search, and upon his present knowledge and belief. Defendant notes that the remoteness of the transaction complained of by plaintiff has no doubt had effect on the availability of documents.

### GENERAL OBJECTIONS

     A.      Defendant responds to these document requests upon information and belief, and with his best memory of remote events. Defendant objects to the Plaintiff's claim as manifestly stale, and objects to the requests for production as overbroad and specifically designed to harass

the defendant.

B.      Defendant objects to the definitions and instructions contained in the Requests, and to the Requests, to the extent that they are overbroad and unduly burdensome, vague and ambiguous.

C.  Defendant objects to the extent that the overbroad requests demand the production of confidential information unrelated to the investment which is the sole subject of the complaint, and will produce such information only upon Protective Order and after redaction of all information other than the limited information concerning the investment which is the subject of the complaint.

D.  Defendant objects to the Requests to the extent they seek documents that are privileged under law, whether under the attorney-client, work product, trial preparation privileges and privacy issues. Defendant also objects as the pure broadness of the Plaintiff's requests constitute a violation of the non-molestation and interference provisions of the Separation Agreement

E.  Defendant objects to the extent that the overbroad requests demand the production of confidential information unrelated to the investment which is the sole subject of the complaint, and will produce such information only upon Protective Order and after redaction of all information other than the limited information concerning the investment which is the subject of the complaint.

F.      Defendant objects to the Requests to the extent they seek documents from it that are not within Plaintiff's possession, custody and/or control, but rather within the possession, custody and/or control of Plaintiff's agents or other persons or entities.

G.      The responses and objections are based upon Defendant's present knowledge, information and belief. The responses and objections are subject to amendment, in accordance with the Federal Rules of Civil Procedure, as Defendant acquires additional information and completes its review and analysis. Defendant reserves the right to rely upon any facts, documents which may hereafter be uncovered or come to his attention.

## RESPONSES AND OBJECTIONS

1.      **The Share Purchase Agreement, which is referred to in bates numbered document "Greschner 0084", including all documents that refer or relate thereto.**

   **Response:**   Documents 696-794

2.      **The Share Certificate(s), which is referred to in section H.4 of bates numbered document "Greschner 0009", including all documents that refer or relate thereto.**

   **Response:**   Document 809

3.      **The Share Certificate(s), which is referred to in section 1.8 [sic] of bates numbered document "Greschner 0011", including all documents that refer or relate thereto.**

   **Response:**   Document 821-22

4.      **All documents that refer or relate to the documents referred to in section 1.9 [sic] of bates numbered document "Greschner 0011".**

   **Response:**   Document 891

3

5.      **The Share Certificate(s), which is referred to in section 1.11 [sic] of bates numbered document "Greschner 0012", including all documents that refer or relate thereto.**

      <u>Response:</u>  Document 894.

6.      **All documents that refer or relate to the documents referred to in section 1.12 of bates numbered document "Greschner 0012".**

      <u>Response:</u>   Document 895.

7.      **The Agreement, which is referred to in section 1.24 of bates numbered document "Greschner 0014", including all documents that refer or relate thereto.**

      <u>Response:</u>  Documents 968-970

8.      **All documents evidencing the disposition of the United States Filter Corporation shares received by Ron Greschner Enterprises Ltd. in or about 1997, including but not limited to, any documents referring or relating to any securities or other consideration received in exchange for said United States Filter Corporation shares.**

      <u>Response:</u>  Defendant's agent in Canada has made a thorough search for documents evidencing Greschner's sale of USF Stock, which was completed approximately 9-10 years ago (approximately 6 months after the Closing of the sale of the WaterGroup shares), and cannot locate any such documents.   Defendant's best memory is that the shares were delivered to a brokerage house which sold the shares upon the expiration of the restricted period, and that money for the shares was wired to an account of the Ron Greschner Enterprises, Inc. in the United States.  Defendant no longer has brokerage account records from that time period which document such transfer of proceeds or which would identify the brokerage company utilized.

4

9.    **All documents evidencing Ron Greschner Enterprises Ltd.'s and Ronald Greschner's current ownership of any shares of United States Filter Corporation.**

**Response:**   There are no such documents, as Ron Greschner Enterprises does not own any such interest.

10.    **All documents evidencing Ron Greschner Enterprises Ltd.'s and Ronald Greschner's current ownership of any shares of Seimans A.G.**

**Response:**   There are no such documents, as neither Ron Greschner Enterprises nor Ronald Greshner owns any such interest.

11.    **All documents evidencing Ron Greschner Enterprises Ltd.'s and Ronald Greschner's current ownership of any shares of US Filter Corp.**

**Response:**   There are no such documents, as neither Ron Greschner Enterprises nor Ronald Greshner owns any such interest.

12.    **All of Ron Greschner Enterprises Ltd.'s United States and Canadian tax returns for the years 1996 through the present.**

**Response:**   Ron Greschner Enterprises had no obligation to file U.S. tax returns, and has been an inactive corporation for approximately six to seven years. A search of the location where any records of Ron Greschner Enterprises have been kept (the home office of Mr. Greschner's mother, Gisella Greschner) has not revealed the presence of any income tax returns filed by Ron Greschner Enterprises Ltd. Defendant can attempt to request income tax returns from the Canadian revenue authority, but that would take time, and defendant cannot represent that such remote returns would be maintained by such agency.

13.    **All of Ronald Greschner's United States and Canadian tax returns for the**

**years 1996 through the present.**

**Response:** Defendant objects to this request as over-broad, irrelevant, and designed by the plaintiff Alt to invade the privacy of the defendant, her ex-husband. The Watergroup Investment, as identified in the Separation Agreement, belongs to Ron Greschner Enterprises, not to Ron Greschner personally. Without waiving such objection, defendant states that he does not have copies of his personal tax returns for the only time period relevant to the Complaint, that being 1997 and 1998. Defendant can attempt to request income tax returns from the Internal Revenue Service, but that would take time, and defendant cannot represent that such remote returns would be maintained by the Internal Revenue Service. Further, Defendant would respectfully insist that only redacted copies of the returns be produced, keeping confidential any disclosures other than those related to monies received from Ron Greschner Enterprises.

**14.    All checks and bank statements that refer or relate to Ron Greschner Enterprises Ltd.'s sale of the "Water Group investment" as referred to in the parties' Property Settlement Agreement which is annexed as an exhibit to the Complaint.**

**Response:**   Defendant's agent in Canada has made a thorough search for checks and bank statements that refer or relate to Ron Greschner Enterprises Ltd.'s sale of the "Water Group investment" and cannot locate any such documents

**15.    All checks and bank statements that refer or relate to Ronald Greschner's sale of the "Water Group investment" as referred to in the parties' Property Settlement Agreement which is annexed as an exhibit to the Complaint.**

**Response:** Ronald Greschner did not own the Water Group investment, Ron Greschner Enterprises did, and accordingly any checks and bank statements that would refer to the sale

would be those of Ron Greschner Enterprises.  See Response 14.

**16.    All financial statements of Ron Greschner Enterprises, Ltd. for the years 1998**

**through the present.**

**Response:**    Defendant's agent in Canada has made a thorough search for financial

statements of Ron Greschner Enterprises Ltd. which, as noted has been inactive for many years,

and could not locate any such documents

**17.    The Amalgamation Agreement, which is referred to in bates numbered**

**document "Greschner 0086", including all documents that refer or relate thereto.**

**Response:**   Documents 28 - 37

**18.    The Escrow Agreement, which is referred to in bates numbered document**

**"Greschner 0096", including all documents that refer or relate thereto.**

**Response:**   Documents 949-958

DATED:       New York, New York
             October 31, 2007

                                    Yours, etc.

                                    LEDY-GURREN BASS & SIFF, LLP

                                    By: _____
                                         Nancy Ledy-Gurren (2186)
                                    Attorneys for Defendant Greschner
                                    475 Park Avenue South
                                    New York, New York 10016
                                    (212) 447-1111

TO: THE ROTH LAW FIRM, PLLC
    545 Fifth Avenue, Suite 960
    New York, New York 10017

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                       )         ss.:
COUNTY OF NEW YORK )

     Carmen I. Tanco,  being duly sworn, deposes and says:  that deponent is not a party to the action, is over 18 years of age and resides at Bronx, New York.

     That on the 31st  day of October, 2007, I served a copy of the annexed **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** to:

> Richard A. Roth
> THE ROTH LAW FIRM, PLC
> *Attorneys for Plaintiff*
> 545 Fifth Avenue
> Suite 960
> New York, NY 10017

at the addresses designated by said attorney(s) for that purpose by depositing the papers in a properly addressed wrapper into the custody of FEDERAL EXPRESS, an overnight delivery service for next day delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

                                     _____
                                        Carmen Tanco

Sworn to before me this
31st day of October, 2007

_____
Notary Public

ELISSA L. SHECHTER
Notary Public, State of New York
Registration #02SH6054504
Qualified in New York County
Commission Expires Feb. 8, 2011