UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAROL A. ALT,

               Plaintiff,                               07 CIV. 6004 (CM)

      -against-

RONALD J. GRESCHNER,

               Defendant.
------------------------------------------------------------------X

COUNTY OF MORRIS  )
                           ) ss.:
STATE OF NEW JERSEY  )

       JOSEPH SISTI, being duly sworn, deposes and says:

       1.    I am over the age of 18 and the Director of Operations at J.B. Hanauer & Co. I have been asked by counsel for defendant Ron Greschner to review J.B. Hanauer's Client Statements for Ron Greschner's account LPM-087227-82 dated (1) April 1-30, 1999 [Exhibit 1, Bate Stamps ## 1035-1036]; and (2) May 1- June 30, 1999 [Exhibit 2, Bate Stamps ## 1038-1043], and provide my interpretation as to whether such statements reflect the sale of US Filter Shares for cash. Exhibits 1 and 2 represent business records of JB Hanauer prepared in the regular course of business.

       2.    I submit this affidavit for the purpose of explaining the referenced Client Statements [Exhibits 1 and 2], which reflect that Mr. Greschner realized "cash money" for 45,713 shares of US Filter on June 9, 1999. Exhibit 1 reflects that 45,713 shares of

US Filter were deposited in Mr. Greschner's JB Hanauer account LPM-087227-82 on April 23, 1999. The "Account Activity" designation, on page 1036, reveals that such shares were "Received" by J.B. Hanauer & Co. on that date. The shares were posted to Mr. Greshner's account and were clearly identified on his April 1999 month-end statement. Based on the reorganization of US Filter, the securities were valued according to the parameters of the company's pending cash merger with Vivendi SA at $31.50 per share or $1,439,959.50. A cash merger is a merger in which shareholders in the company to be absorbed are offered cash instead of shares in the new company.

3.  Exhibit 2 reflects [1041] that on June 9, 1999, the cash merger was finalized, and the shares were "exchanged." This means that 45,713 shares of US Filter were absorbed, in exchange for cash, totaling $1,439,959.50 which was placed in Mr. Greschner's account LPM-087227-82. The terms "exchanged" or "delivered" reflected on Mr. Greshner's May-June 1999 statement do not imply, or mean, that anything other than cash was received for those shares.

4.  The $1,439,959.50 in cash (received for the US Filter shares) was immediately placed into different investment vehicles, namely: (1) On June 10, 1999, $793,572 was placed in a Kemper Money Market [1041], which is a cash account; (2) On June 9, 1999, $100,000 was placed into in AIM Funds Group Value Funds Class B Shares [1041]; and (3) $100,000 was placed into Massachusetts Investors Growth Stock Fund Class B [1041]. Additionally, on June 9, 1999, $466,387.45 in cash was put in escrow for Federal Tax purposes [1041] because JB Hanauer & Co. is required by law to withhold and pay to the Internal Revenue Service (IRS) 31% of interest, dividends and certain other payments if the client does not provide us with a properly completed IRS

Form W-9. Since Mr. Greshner subsequently provided the required form within 30 days from the opening date of the account, all amounts held in escrow were subsequently returned as cash on June 18, 1999. These funds were then invested in 5 municipal bonds during the period between June 21, 1999 and June 30, 1999. Each of these municipal bond positions is reflected on Mr. Greshner's May-June 1999 statement [1042].

_____
JOSEPH SISTI

Sworn to before me
this 6 day of December, 2007.

Erica Jennifer Daniels

ERICA JENNIFER DANIELS
Notary Public, State of New Jersey
My Commission Expires July 18, 2010