UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805 6325

CHAMBERS OF
COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/8

TO ALL COUNSEL IN:   Alt v. Greschner (07 Civ. 6004)

FROM:   Judge McMahon

DATE:   January 2, 2008

RE:   Your recent missives

---

Or should I say missiles?

I understand and am satisfied with defendant's efforts to obtain the tax records of Greschner Enterprises.

I have reviewed the affidavit of Mr. Fettes. I am satisfied that Greschner Enterprises retains very few records and that Mr. Fettes has located whatever can be located.

There is no genuine issue of fact concerning Ms. Alt's waiver of any interest in the Water Group Loan and her assignment of that loan to Mr. Greschner. Therefore, there is no need to produce any additional documentation with respect to the Water Group Loan. Ms. Alt has no interest in it and therefore has no right to further information about it. Of course, I do not recall ordering any discovery concerning the Water Group Loan, so if defendant has "reluctantly" produced records concerning that loan, it did not do so in response to any order of the court. But I want to take that issue off the table, and it is off the table as of right now.

I will not read any more letters protesting any of the above. In fact, I will not read any more letters, period. Nor will I decide any motions for summary judgment. The record before me reveals that there are credibility issues requiring a trial, and this case is going to be tried as soon as I can get it onto my trial calendar.

I was told flatly by defendant's attorneys, at the first conference in this case, that documents proving that Mr. Greschner had disposed of the Water Group Investment 10 years ago were readily available and would be forthcoming promptly - allowing me to dispose of this case in a matter of days or weeks. In the mind of this court, the documents necessary to dispose of the case are those that trace the asset from its inception (or its condition at the time of the Separation

Agreement) through the time Mr. Greschner (or Greschner Enterprises) received money for it. The representation made to me about the ease with which the asset's sale could be proved was obviously not correct, since we are still trying to gather the necessary documents. As the issues raised by the complaint are clearly issues that can – and should – be resolved on the basis of a documentary record, you will forgive me for my continuing pique about the difficulties we are having in reconstructing the paper record.

However, the burden of proving both when the asset was sold and for how much remains with the plaintiff – regardless of the fact that her ex-husband controlled the asset. If documents helpful to her cause do not exist, that will not lift the burden from her shoulders, unless she can prove that documents were destroyed after the commencement of this action – in which case I would draw the obvious adverse inference. The mere fact that plaintiff distrusts her ex-husband does not prove that documents relating to the Water Group Investment were destroyed after the commencement of this action. And hearsay evidence from third parties concerning the alleged recent disposition of the Water Group Investment will not be accepted at trial.

Please let me know when the tax records have been located.