# The Roth Law Firm, PLLC
545 Fifth Avenue, Suite 960
New York, NY 10017
Tel.: (212) 542-8882 Facsimile: (212) 542-8883

March 19, 2008

**By Overnight Mail**
Hon. Magistrate Judge Debra Freeman
United States District Court, SDNY
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Room 525
New York, NY 10007

**MEMO ENDORSED**

Re:   <u>Carol Alt v. Ronald Greschner, Index No. 07 CIV 6004</u>

Dear Judge Freeman:

We are counsel to Plaintiff Carol Alt in the above-captioned matter, a case presently before Judge Colleen McMahon. By Order dated March 10, 2008, Judge McMahon instructed us to bring any discovery disputes to Your Honor and it is for this reason that we write to the Court.

By way of factual background (which we have simplified for purposes of the relevant discovery issue), Plaintiff and Defendant Ronald Greschner, upon deciding to legally separate in 1997, entered into a Property Settlement Agreement (the "Separation Agreement"). Pursuant to Article IC Section A.3 therein, the Separation Agreement states:

> [w]ith reference to the Water Group investment [referring to an investment made by Plaintiff and Defendant during their marriage] ... [i]n the event of sale of this investment, the profits in excess of Eight Hundred Thousand ($800,000) shall be divided, and one-half (1/2) of the profit in excess of Eight Hundred Thousand ($800,000) Dollars shall be paid to Wife.

Plaintiff believes that this "Water Group investment" was sold in or about 2005 or 2006 (for several million dollars) and thus commenced this action to receive the proceeds justly due, after Defendant refused to provide her with any relevant documentation regarding the sale. Very simply, Defendant refuses to produce his personal tax returns for the years 1996 (the year Defendant claims to have sold all interest in the Water Group investment) through the present. These personal returns are vital to this case as they will concisely reflect exactly what happened to the Water Group investment.

*Defendant's personal tax returns covering the years 1997 to 2006 are to be produced to the court for in camera review no later than April 4, 2008.*

SO ORDERED:   DATE: 3/27/08

_____
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

Hon. Magistrate Judge Debra Freeman
March 19, 2008
Page 2

On September 7, 2007, an Initial Pretrial Conference was held wherein counsel for Defendant indicated (and Judge McMahon directed) that Defendant would produce all relevant documentation of the sale of the Water Group investment by September 14, 2007. That did not happen. Consequently, by Order dated October 19, 2007, Judge McMahon stated that she would "not accept any excuses. By 10/28, the parties must turn over all documents…" By telephonic conference Judge McMahon reiterated her direction, stating, "Every document related to the transaction must be produced by October 29, 2007." Again, Defendant failed to produce.

Judge McMahon then held a Final Pretrial Conference on November 11, 2007, wherein the Court ordered Defendant to provide Plaintiff and the court with all documents necessary to trace the transaction at issue, by November 21, 2007. Judge McMahon in no uncertain terms opined that, "[w]e should be able to follow this transaction through on his tax returns…" See, November 7, 2007 Transcript, pg. 12 (annexed here for the Court's convenience as Exhibit A). Defendant's subsequent production was not made in good faith.

On November 26, 2007, Judge McMahon issued an Order, stating:

> I have received and reviewed correspondence from both parties concerning discovery previously ordered by the Court. The discovery provided by Ronald Greschner is, in the opinion of the Court, woefully inadequate. What I directed was that Mr. Greschner provide information about the Water Group Investment, in all of its various iterations, from the time the parties separation agreement was signed until such time as the investment was monetized. This means I want information about EVERY exchange (including exactly what was exchanged for what seeing the word exchanged on a brokerage statement tells only half the story) up to and including the time when Mr. Greschner or Ronald Greschner Enterprises (I care not which one) received case money for some security that can ultimately be traced back to the Water Group Investment. … I want to know when he realized cash money, and how much he realized and if that requires tracing the funds back through several iterations of stock ownership, then so be it. I remind counsel for Mr. Greschner that this court was told last July that it would be the work of a moment to produce all the documents relating to this investment. It is now almost December, and I still do not have documents enabling me to track this investment all the way through to the time when its was cashed out. I am, frankly, beginning to smell a rat. And I am perfectly willing to draw an adverse inference against Mr. Greschner's position if all the relevant documents (using my definition of relevance, not Mr. Greschners) are not produced immediately with immediately being defined as no later than December 10.

Hon. Magistrate Judge Debra Freeman
March 19, 2008
Page 3

      Defendant did eventually produce Greschner Enterprises' tax returns but refused to produce his personal tax returns. We informed Judge McMahon of this fact by letter of January 10, 2008 (annexed hereto as Exhibit B). We received, however, no response to our letter. As such, we followed up with another letter to Judge McMahon dated March 7, 2008 (annexed hereto as Exhibit C). Judge McMahon responded by explaining that she was occupied with cases of higher priority on her docket but that we should contact Your Honor.

      If need be, we will make a motion to compel the production of Defendant's personal tax returns. However, in light of the plethora of Orders and directions of Judge McMahon, we believe the motion should not be required. Defendant has already been ordered to produce such documents -- documents that will unequivocally detail what happened to the Water Group investment -- and he should have to produce them. While it is true that Judge McMahon did indicate a willingness to draw a negative inference against Defendant if he fails to produce relevant documents, this does not change Plaintiff's burden to prove her case (including the amount of damages that she has suffered as a result of Defendant's breach of the Separation Agreement). Defendant is apparently willing to take his chances with an "adverse inference" at trial but this must not be permitted. Defendant's failure to produce relevant (and in fact, vital) documents will severely prejudice Plaintiff at trial.

      We are available for a conference (either in person or by telephone) to discuss this issue further, and we are also prepared to make a motion to compel (and for sanctions for noncompliance of previous orders). As such, we write to respectfully request Your Honor's guidance in how the Court would like us to proceed.

      We thank the Court for its time and consideration.

                                                      Respectfully Submitted,

                                                      Richard A. Roth

cc:     Nancy Ledy-Gurren, Esq.