# The Roth Law Firm, PLLC
545 Fifth Avenue, Suite 960
New York, NY 10017
Tel.: (212) 542 8882 Facsimile: (212) 542 8883

April 14, 2008

**MEMO ENDORSED**

**By Facsimile Only**
Hon. Magistrate Judge Debra Freeman
United States District Court, SDNY
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Room 525
New York, NY 10007

Re:   <u>Carol Alt v. Ronald Greschner, Index No. 07 CIV 6004</u>

Dear Judge Freeman:

We are counsel to Plaintiff Carol Alt in the above-captioned matter. As you may recall, a conference call was held on March 27, 2008, wherein Your Honor ordered Defendant to produce his personal tax returns (for years 1997 to 2006) for an *in camera* review, no later than April 4, 2008.

On April 11, 2008, we received a letter from counsel for Defendant stating that documents were delivered to the Court but that, "[d]ue to the fact that this is an in-camera inspection, we have not copied you on any explanatory communication provided to Judge Freeman." We write to address several issues.

First and foremost, we want to make sure that *all* tax returns ordered to be produced, have in fact been produced in full. Frankly, the wording of Ms. Ledy-Gurren's letter has caused us to take pause. The letter only claims that Defendant produced materials in his "possession." This begs the question: did Defendant not produce to the Court the tax returns in his *accountants'* possession? If not, did Defendant even inquire of his personal accountant for the requested tax returns? At the very least, an inquiry is warranted as it is our understanding that Defendant did in fact retain an accounting firm to prepare his taxes for the years in question. Simply, the documents in Defendant's possession may be quite different from the tax returns filed with the IRS (which would certainly be in his accountant's possession). Moreover, the question must be asked as to whether Defendant produced his entire returns which would include, but is not limited to, all schedules that may list long-term gains?[1] And these issues all lead back to the same underlying question: what exactly needs to be "explained" to the Court (as stated in Ms. Ledy-Gurren's letter)?

---

[1] On this point, if Your Honor feels that not all of the tax returns (including all schedules) have been produced, a form can be filled out for the Court to receive all relevant tax returns from the IRS directly (we previously supplied Defendant with said IRS form but Defendant refused to sign).

Hon. Magistrate Judge Debra Freeman
April 14, 2008
Page 2

We are quite concerned that counsel has taken a simple directive to produce documents to the Court and unilaterally turned it into a license to communicate with the Court *ex-parte* -- which the Court did not direct, nor do we consent. We believe we are entitled to know what Defendant needs to "explain" about either the contents of his tax returns or a reason why some were not produced (Ms. Ledy-Gurren's letter does not state the reason why an explanation was needed which leaves us merely guessing at this point). These are important issues that we feel should be addressed before proceeding.

Finally, during the conference call on March 27, 2008 Your Honor stated that Plaintiff would have an opportunity to furnish the Court with any company names etc. to look for which may aid the Court in conducting the *in camera* review. As such, we have listed below some thoughts that we would like Your Honor to consider during the review:

1. Any company names that refer or relate to water (for example, Water Group, Aquafine, Aqua d'Or, or anything related to water cleaning, filtering, heating, recapturing, desalinating, bottling, osmosis, chemicals etc.)
2. Any names such as US Filter, United States Filter, Culligan, Seimens, Fettes or (specifically) any companies located in Canada or the Midwest United States.
3. Any sale of commercial real estate (as the water group investment included a manufacturing plant, several office buildings, warehouses and other water-related facilities).
4. Any large amount of money (in the seven figures) realized from the sale of any security or from the sale of a company (which should be located on Defendant's schedules of his tax returns reflecting long-term capital gains) should be closely scrutinized.

We thank the Court for its time and consideration in this matter. Please let us know if the Court would like to discuss these matters any further.

Respectfully Submitted,

Richard A. Roth

cc: Nancy Ledy-Gurren, Esq.

Having reviewed the "explanatory" cover letter enclosed with defendant's submission of documents to the Court for in camera review, the Court finds that it goes well beyond an explanation of potentially confidential information contained in defendant's tax returns. Rather, that letter largely consists of argument and comment about the existence or location of the tax returns in question, and a recitation of various facts that are collateral to the Court's in camera review. It is thus an improper ex parte submission and should be provided immediately to plaintiff's counsel, except that, for now, defendant may redact the dollar amounts noted on page 2, in the second full paragraph.

SO ORDERED:   DATE: 4/15/08

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE