UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CAROL ALT,
                                                                        :
                              Plaintiff,           07 Civ. 6004 (CM) (DF)
                                                                        :
        -against-                           **ORDER**
                                                                        :
RONALD GRESCHNER,
                                                                        :
                              Defendant.
------------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      The Court having reviewed *in camera* the 1998, 2000, 2001, and 2002 personal tax returns of defendant Ronald Greschner ("Defendant"), and having considered the arguments advanced by counsel for both parties as to whether these tax returns should be produced to plaintiff Carol Alt ("Plaintiff") and whether any additional discovery should be had with respect Defendant's personal income, it is hereby ORDERED as follows:

      1.     Defendant's 1998, 2000 and 2002 personal tax returns each reflect the sales of certain long-term assets that are not clearly identified in those returns. Further, Defendant's 2001 personal tax return reports the sale of certain securities that appear to be municipal bonds, and, from the limited information that has been provided to the Court, it is unclear whether these securities were purchased with the proceeds of the transaction at issue in this case. (*See* Affidavit of Ron Greschner, sworn to Apr. 11, 2008 ("Greschner Aff."), at ¶ 5 (attesting that his proceeds from the sale and liquidation of the "WaterGroup" investment were used, in part, to "purchase mostly tax free municipal bonds . . . in [his] personal name).) Under the circumstances, and given the history of the Court's prior discovery orders in this case, the disclosure of portions of Defendant's tax returns to Plaintiff is warranted. In particular,

Defendant is directed to produce to Plaintiff the portions of his 1998, 2000, 2001 and 2002 personal tax returns that show long-term capital gains and losses – *i.e.,* Schedule D (Form 1040), Part II, and all attachments (including Schedule D-1) that specifically relate to the information reported on Schedule D, Part II. The remaining portions of these returns may be redacted or withheld from production, as the Court sees no potential relevance to those other portions.

2. Defendant claims to be unable to locate his personal tax return for 1999, and Plaintiff argues that the Court should therefore direct Defendant to sign the necessary authorization to permit the Court to receive this return directly from the Internal Revenue Service. This request is denied, as Plaintiff has not made a sufficient showing that she is unable to obtain the information sought from other sources, especially given that she and Defendant were apparently married in 1999, and that, according to Defendant, they filed the 1999 tax return jointly. (*See* Greschner Aff., at ¶ 3.)

3. As for his 2003 personal tax return, Defendant's counsel states that Defendant is "unwilling" to contact his prior accountant to request a copy of the return, and Defendant explains in an affidavit that he does not wish to contact his accountant because "his 'allegiance' is to Ms. Alt, not me." (Greschner Aff., at ¶ 3.) This is an inadequate response to the Court's prior directive that this tax return be produced to the Court for *in camera* review. As Defendant has made no showing that his 2003 tax return is not within his control for discovery purposes, he is directed to request a copy of this return immediately from his prior accountant and to submit the return to the Court for its review no later than one week from the date of this Order. The Court will not accept any *ex parte* cover letter with the submission of this tax return.

    4.    All other relief requested by Plaintiff is denied without prejudice to renew her requests, after the production required herein has been made, and upon a showing of good cause.

Dated: New York, New York
       April 30, 2008

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Colleen McMahon, U.S.D.J.

Richard Alan Roth, Esq.
The Roth Law Firm, PLLC
545 Fifth Avenue, Suite 900
New York, NY 10017

Nancy Ledy-Gurren, Esq.
Ledy-Gurren Bass & Siff, LLP
475 Park Avenue Aouth
New York, NY 10016