**MEMO ENDORSED**

JUL 11 2008

# The Roth Law Firm, PLLC

545 Fifth Avenue, Suite 960
New York, NY 10017
Tel: (212) 542 8882  Facsimile: (212) 542 8883

July 9, 2008

**By Federal Express**
Hon. Magistrate Judge Debra Freeman
United States District Court, SDNY
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Room 525
New York, NY 10007

Re: <u>Carol Alt v. Ronald Greschner</u>, Index No. 07 CIV 6004

Dear Judge Freeman:

This firm is counsel to Plaintiff Carol Alt in the above-captioned matter. By Order dated April 30, 2008, Your Honor directed the production of certain discovery from Defendant and held that, "[a]ll other relief requested by Plaintiff is denied without prejudice to renew her requests, after the production required herein has been made, and upon a showing of good cause." Plaintiff writes herein to make a showing of good cause and to therefore request additional discovery, including but not limited to, the deposition of Defendant.

Upon the commencement of this lawsuit, Judge McMahon held an initial pretrial conference on July 31, 2007. At that conference, Defendants' counsel indicated that Defendant would produce all documents sufficient to trace the underlying investment in question within two weeks thereof. That production did not happen. By Order dated October 19, 2007 (which is annexed here as <u>Exhibit A</u> for the Court's convenience), Judge McMahon rejected the notion that any discovery was necessary and further Ordered Defendant to produce documents to the Plaintiff. When Defendant failed to comply with the October 19, 2007 Order, that non-compliance set in motion a plethora of additional Court orders and directives over the next several months -- with the intent of somehow getting Defendant to produce relevant documents.

Plaintiff finally began to believe that she would be able to fully trace the investment's sale in question when Your Honor Ordered Defendant to produce his tax returns. When Defendant thereafter claimed that he failed to file several years of tax returns (and could thus not produce any such returns), that was a major setback to Plaintiff's case.

Annexed here for the Court's review is an Affidavit of Plaintiff Carol Alt (annexed here as <u>Exhibit B</u>) as well as an Affidavit of Barry Klarberg (a certified public accountant who prepared some of the tax returns jointly filed by the parties when they were married) (annexed here as <u>Exhibit C</u>). It is Plaintiff's hope that these affidavits -- combined with the fact that Plaintiff was permitted to conduct very limited discovery to date as a result of Defendant's claim that he would produce all relevant documents a year ago -- will constitute a showing of good

---

*Handwritten endorsement by Judge:*

By order dated April 30, 2008, this Court directed Defendant to produce certain materials to Plaintiff and otherwise denied Plaintiff's application to compel discovery, without prejudice to Plaintiff's renewal of its application upon a subsequent showing of good cause. Now, more than two months later, Plaintiff seeks further discovery, contending that "good cause" is evident from the face of statements made in an affidavit sworn to by Defendant April 11, 2008 -- an affidavit the court fully considered prior to the issuance of its April 30 order. This does not constitute good cause for the renewed application, and it is denied.

SO ORDERED:  DATE: 7/30/08
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

Hon. Magistrate Judge Debra Freeman
July 9, 2008
Page 2

cause for the permit Plaintiff to conduct additional discovery. The additional discovery requested includes the deposition of Defendant as well as the Court's directive for Defendant to file IRS Form 4506-T (as stated in Mr. Klarberg's affidavit), together with any further discovery the Court deems appropriate.

We believe these items are necessary for several reasons. First, Plaintiff should be entitled to take the deposition of Defendant before proceeding to trial -- where she will have the burden to prove her case. Indeed, such basic discovery (such as a deposition) is plainly authorized in the Federal Rules of Civil Procedure. Second, in light of Ms. Alt's and Mr. Klarberg's affidavits, there appear to be serious factual issues relating to the veracity of Defendant's statements regarding not only his failure to file tax returns over a several year period, but also as to what exactly happened to the parties' investment in question (which is the ultimate issue in this case). Under the circumstances, Plaintiff respectfully requests that the Court permit her to conduct this most basic discovery.

Finally, Defendant's Affidavit dated April 8, 2008, warrants further discovery. Therein, Defendant states, among other things:

> With respect to the years 2004, 2005, and 2006..., I wish to advise the Court that I do not have such returns because I have not yet filed any such returns. I secured extensions for each year, and believe that I was not required to file for 2004-2005 as I did not have sufficient taxable income to require filing. Moreover the same may also be true for 2006.

This language -- both that he believed he did not have an obligation to file tax returns for years 2004-2005 and that "the same may be true" for 2006 -- is suspicious to say the least. As discussed above, not only is a deposition appropriate under the circumstances, but as pointed out by Mr. Klarberg, IRS Form 4506-T will show a transcript of Defendant's earnings for the relevant years that will allow the parties and the court to determine whether any taxes (from capital gains) were paid or due without Defendant having filed tax returns. As such, under the circumstances, Plaintiff respectfully believes that Defendant should be directed to sign and file IRS Form 4506-T.

On behalf Plaintiff, we thank the Court for its continued attention to this matter and make ourselves available for a conference (in person or by telephone) if the Court deems such discussions necessary.

Respectfully Submitted,

Richard A. Roth

cc:   Nancy Ledy-Gurren, Esq.