# The Roth Law Firm, PLLC

545 Fifth Avenue, Suite 960
New York, NY 10017
Tel.: (212) 542 8882 Facsimile: (212) 542 8883

**MEMO ENDORSED**      July 31, 2008

**By Facsimile**
Hon. Magistrate Judge Debra Freeman
United States District Court, SDNY
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Room 525
New York, NY 10007

Re:   Carol Alt v. Ronald Greschner, Index No. 07 CIV 6004

Dear Judge Freeman:

We are counsel to Plaintiff Carol Alt in the above-captioned matter, a case presently before Judge Colleen McMahon. We are in receipt of Your Honor's ruling dated July 30, 2008 whereby Your Honor denied Plaintiff's request to, among other things, take Defendant's deposition for failure to show "good cause." While we of course respect Your Honor's ruling, Plaintiff hereby respectfully writes to request the Court's reconsideration thereof.

In denying Plaintiff's request, Plaintiff respectfully believes that the Court has erroneously placed a burden on Plaintiff to show "good cause" prior to the Court permitting Plaintiff to take Defendant's deposition. It is Plaintiff's belief that neither the Federal Rules of Civil Procedure, nor the Supreme Court of the United States or the Second Circuit Court of Appeals that have interpreted such rules, place such a burden on a plaintiff to make such a showing.

In Oppenheimer Fund, Inc. v. Sanders, the U.S. Supreme Court addressed the general scope of discovery as defined by F.R.C.P. 26(b)(1). Therein, the Court noted that:

> The key phrase in this definition [of F.R.C.P. 26(b)(1)] -- "relevant to the subject matter involved in the pending action" -- has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See Hickman v. Taylor, 329 U.S. 495, 501 (1947). Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Id. at 500-501. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that not related to the merits.

437 U.S. 340, 350-351 (1978).

Hon. Magistrate Judge Debra Freeman
July 31, 2008
Page 2

Similarly, in Daval Steel Products v. M/V Fakredine, the Second Circuit Court of Appeals cited Sanders for the proposition that, "[t]his obviously broad rule [F.R.C.P. 26(b)(1)] is liberally construed." 951 F.2d 1357, 1367 (2d Cir. 1991); see also, Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (holding that the term "reasonably calculated" in the quoted provision means "*any possibility* that the information sought may be relevant to the subject matter of the action") (quoting Mallinckrodt Chem. Works v. Goldman, Sachs & Co., 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (quoting Charles A. Wright, Law of Federal Courts § 81, at 359 n.47 (2d ed. 1970) (emphasis added in Makkinckrodt).

F.R.C.P. 30(a)(1) then provides a mechanism whereby depositions may be taken *without leave* of Court: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Importantly, no provision of Rule 30(a)(2) applies here.

While we understand Your Honor's ruling that Plaintiff has not made a showing of good cause in order to justify a directive for Defendant to obtain documents directly from the Internal Revenue Service, a showing of good cause should not have to be made simply to take Defendant's deposition. A similar issue presented itself in Anderson v. Sotheby's Inc., 2005 U.S. Dist LEXIS 9033, 04 CV 8180, at * 17 (SAS)(DFE) (S.D.N.Y. May 13, 2005). Therein, Magistrate Judge Eaten agreed with Judge Wall's analysis in stating that, "[i]f a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a vicious circle: To obtain discovery, he would need to make a showing that, in many cases, could be satisfied only with the help of discovery." Having attempted (and failed) to satisfy this Court's prior directive to make a showing of good cause the "vicious circle" is now precisely what Plaintiff is confronted with. Plaintiff needs the assistance of a basic discovery method (a deposition) in order to then be in a position to make the showing of good cause that the Court required in order to obtain further documents. Without being permitted to take Defendant's deposition, Plaintiff is at a loss of how else to proceed, and will be forced to try this case without having a fair opportunity to conduct discovery of which the Federal Rules of Civil Procedure (liberally) provide.

Plaintiff is prepared to serve notice under F.R.C.P. 30(a)(1) but has not yet done so because of this Court's order rejecting her requests for additional discovery, including the taking of Defendant's deposition. Plaintiff respectfully asks this Court to reconsider its previous Order and permit Plaintiff to take Defendant's deposition without the need to show "good cause."

Because it is Plaintiff's good-faith belief that a continued denial of her right to take Defendant's deposition will cause her severe prejudice, Plaintiff respectfully requests that if reconsideration is denied, that Your Honor issue a formal decision so that objection may be made to Judge McMahon for appellate purposes.

Hon. Magistrate Judge Debra Freeman
July 31, 2008
Page 3

**MEMO ENDORSED**

    We once again thank the Court for its consideration of this matter and make ourselves available for conference upon Your Honor's request.

                            Respectfully Submitted,

                            Richard A. Roth

cc:    Nancy Ledy-Gurren, Esq.

*Plaintiff requested defendant's deposition in a letter to the court dated April 23, 2008, one of a series of letters that led to this court's Order of April 30, 2008. In that Order, the Court granted certain discovery, and stated "[a]ll other relief requested by plaintiff is denied, without prejudice to renew her requests... upon a showing of good cause." Plaintiff has not shown good cause, and the request for reconsideration of this court's July 30, 2008 order, so stating, is denied. Plaintiff has not demonstrated that the court has overlooked any matters or controlling decisions. See Local Civ. R. 6.3.*

SO ORDERED:   DATE: 7/3̶0̶/08  3̶¹ (corrected date) /s/ Debra Fm.

/s/ Debra Fm.
**DEBRA FREEMAN**
UNITED STATES MAGISTRATE JUDGE