```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____          │
│ DATE FILED: __9/2/08__      │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CAROL A. ALT,

                       Plaintiff,                      Index No. 07 CIV 6004

   -against-

RONALD J. GRESCHNER,               **MEMO ENDORSED**

                       Defendant.
-------------------------------------------------------X

### PLAINTIFF'S OBJECTIONS
### TO MAGISTRATE JUDGE FREEMAN'S ORDER DATED AUGUST 19, 2008

1.      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, Plaintiff respectfully objects to Magistrate Judge Debra Freeman's Order of August

19, 2008 (the "August 19 Order" is annexed here as Exhibit A).

2.      As specifically noted in the August 19 Order, this Court issued an Order dated

January 2, 2008 stating that "the issues raised by the complaint are clearly issues that can – and

should – be resolved on the basis of a documentary record," and thus, "Please let me know when

the tax returns have been located." When the production of Defendant's personal tax returns

went unresolved, this Court referred the discovery issues to Judge Freeman on March 10, 2008

(See, Dkt. 34).

3.      Thereafter, on March 27, 2008 (See, Dkt. 35), Judge Freeman ordered Defendant

to produce his personal tax returns (for calendar years 1997 through 2006) for an *in camera*

review. Defendant subsequently produced some tax returns but failed to produce any tax returns

for the years 2004, 2005, 2006 or 2007 -- claiming that "I do not have such returns…" That is,

by affidavit dated April 11, 2008, Defendant stated the following:

9/2/08 Objections overruled. This Case goes to trial on 10/8/08 @ 9:30 a.m.

*[handwritten signature]* Colleen McMahon

With respect to the years 2004, 2005 and 2006 (2007 returns are not due and I am on extension), I wish to advise the Court that I do not have such returns because I have not yet filed any such returns. I secured extensions for each year, and believe that I was not required to file for 2004-2005 as I did not have sufficient taxable income to require filing. Moreover, the same may also be true for 2006 (I have 5 children, a house with debt and significant deductions), although I have retained a Florida CPA to review all of the financial data and to file returns of they need to be filed. I have been advised by this Florida CPA that this effort will probably consume months of her time (as she is a small practice and has been provided with years worth of financial data).

Defendant's Affidavit of April 11, 2008 is annexed here as Exhibit B.

4.    As a result of Defendant's suspicious claim that relevant tax returns ordered to be produced are not in his possession (and thus Defendant would be seemingly unable to comply with the Court's January 2, 2008 directive) -- in an effort to discover what other documents may exist to ascertain the disposition of the parties' "Water group investment" -- Plaintiff requested that she be permitted to take Defendant's deposition.

5.    The August 18 Order makes clear that Judge Freeman feels bound by this Court's prior directive (of January 2, 2008) that, "the issues raised by the complaint are clearly issues that can – and should – be resolved on the basis of a documentary record" and thus "as a matter of case management" no deposition is permitted. See, Exhibit A. Judge Freeman's determination as it relates to the January 2, 2008 Order, however, is clearly erroneous because it fails to consider that all of the tax returns have *not* been located -- which was the very point of this Court's January 2, 2008 directive that this case be resolved by documentary evidence (stating, "Please let me know when the tax returns have been located"). The August 18 Order is both inconsistent and irreconcilable with this Court's prior directive because it fails to consider a condition precedent to the Court not permitting depositions (i.e. that Defendant locates and produces his tax returns). Because this Court's previously mandated condition did not occur; it

would have been proper for Judge Freeman to permit the taking of a deposition in aid of further document discovery. See, F.R.C.P. 26(b)(1) and 30(a)(1); see also, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-351 (1978); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988); Anderson v. Sotheby's Inc., 2005 U.S. Dist LEXIS 9033, 04 CV 8180, at * 17 (SAS)(DFE) (S.D.N.Y. May 13, 2005).

6.    Moreover, Plaintiff specifically objects to the following findings contained in the August 18 Order:

I.    "[I]t does not appear that there are any remaining documents in Defendant's possession, custody or control that even potentially relate to the transaction at issue in this case." This finding is clearly erroneous as: (i) the Court has no way of making such a determination when four years of relevant tax returns ordered to be produced have not been so produced (or reviewed by the Court), nor has Plaintiff been permitted to discover such information by way of deposition; and (ii) Defendant's own sworn affidavit identifies potentially relevant documents ("... I have retained a Florida CPA to review all of the financial data..." See, Exhibit B).

II.    "... Judge McMahon has already ruled that, as a matter of case management, no further discovery should be needed..." As stated above, this finding is clearly erroneous as it is contradicted by this Court's Order of January 2, 2008 stating that tax returns must be produced. Because tax returns that were ordered to be produced have not been, further discovery is indeed necessary, and thus Judge McMahon's Order of January 2, 2008 (at a time prior to Defendant's affidavit referenced above) is not controlling on the issue.

III.    "This Court now considers such issues to be fully resolved" and as a result, "[t]he parties are directed to follow Judge McMahon's Individual Practices with respect to obtaining a new trial date." This finding is severely prejudicial to Plaintiff as Plaintiff is being denied a full and fair opportunity to discover facts and evidence that will enable her to prove her case at trial. See generally, F.R.C.P. 26(b)(1) and 30(a)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-351 (1978).

7.    For all of these reasons, Plaintiff respectfully objects to Judge Freeman's August 18 Order and requests that Plaintiff be permitted to take Defendant's deposition in aid of document discovery pursuant to Federal Rules of Civil Procedure 30(a)(1) and that any trial date be stayed until the close of discovery.

DATED:    New York, New York
          August 27, 2008

                              THE ROTH LAW FIRM, PLLC


                              By:_____/s/_____
                                    Richard A. Roth (RAR 5538)
                                    545 Fifth Avenue, Suite 960
                                    New York, New York 10017
                                    Tel: (212) 542-8882
                                    Fax: (212) 542-8883
                                    *Attorneys for Plaintiff*

# EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CAROL ALT,

                             Plaintiff,     :           07 Civ. 6004 (CM) (DF)

                                       :

           -against-             :           **ORDER**

RONALD GRESCHNER,              :

                        Defendant.   :
-------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       By letter to the Court, Plaintiff has requested that this Court hold a conference "for the purpose of setting forth a limited discovery schedule," as Plaintiff "intends on conducting third party discovery and serving notice to take Defendant's deposition." (Letter to the Court from Richard A. Roth, Esq., dated Aug. 6, 2008.) Defendant has responded with a letter stating that any further discovery demands by Plaintiff should be denied, "as the issue of any further discovery has been wholly resolved by the prior orders of both this Court and Judge McMahon." (Letter to the Court from Nancy Ledy Gurren, Esq., dated Aug. 7, 2008.) Defendant further requests that this case "be referred back to Judge McMahon for trial." (*Id.*)

       This Court has reviewed the history of this case and notes that, fully 10 months ago, Judge McMahon had ruled that, no later than October 23, 2007, Defendant was to turn over to Plaintiff "every single piece of paper relating to the investment that is the subject of this litigation," and, on the understanding that such production would be timely made, had set this case down for a November 2007 trial. (Order, dated Oct. 19, 2007 (Dkt. 18), at 1.) In the same Order, the Court had ruled that

Case 1:07-cv-06004-CM   Document 44   Filed 09/02/2008   Page 7 of 24

. Case 1:07-cv-06004-CM   Document 41   Filed 08/19/2008   Page 2 of 3  .

> [t]he parties' proposed case management order is rejected. There
> is nothing to be gained from discovery in this action; either
> [Plaintiff] has an interest in the investment pursuant to her divorce
> decree or she does not. At the initial conference, the parties
> seemed to agree that a few documents would answer the question.

(*Id.*)

Unfortunately, after October 23, 2007, Plaintiff continued to maintain that a full

production of relevant documents had not been made by Defendant. Judge McMahon adjourned

the trial date, and repeatedly directed that all relevant documents, including tax returns, be

produced, so that the case could be made ready for trial. (*See, e.g.,* Minute Entry for proceedings

held before the Court on November 7, 2007 (noting that: "Trial that was scheduled for 11/14/07

had been adjourned until a later date, to be determined. Defendant must provide [plaintiff] and

the court wi[th] all documents necessary to trace the transaction at issue, by 11/21/07."); *see also*

Order dated Jan. 2, 2008 (noting again that "the issues raised by the complaint are clearly issues

that can – and should – be resolved on the basis of a documentary record," and stating, "Please

let me know when the tax returns have been located.").)

Finally, Judge McMahon referred the parties' continuing dispute concerning the

production of Defendant's personal tax returns to me for resolution. (*See* Dkt. 34.) Since that

referral, this Court has reviewed all of Defendant's available personal tax returns *in camera* and

has made several rulings regarding the necessary scope of Defendant's document production.

(*See* Dkts. 35-40.) This Court now considers such issues to be fully resolved. From the

information that has been placed before the Court by the parties, it does not appear that there are

any remaining documents in Defendant's possession, custody or control that even potentially

relate to the transaction at issue in this case.

2

As it appears from the record that Judge McMahon has already ruled that, as a matter of

case management, no further discovery should be needed to secure the just, speedy, and

inexpensive determination of this action (*see* Orders cited *supra*; *see also* Fed. R. Civ. P. 1),

Plaintiff's request for a further discovery conference is denied. The parties are directed to follow

Judge McMahon's Individual Practices with respect to obtaining a new trial date.

Dated: New York, New York
      August 19, 2008

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Colleen McMahon, U.S.D.J.

Richard Alan Roth, Esq.
The Roth Law Firm, PLLC
545 Fifth Avenue, Suite 900
New York, NY 10017

Nancy Ledy-Gurren, Esq.
Ledy-Gurren Bass & Siff, LLP
475 Park Avenue Aouth
New York, NY 10016    .

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
CAROL A. ALT,

                         Plaintiff,

    -against-

RONALD J. GRESCHNER,

                   Defendant.
----------------------------------------------X
STATE OF FLORIDA     )
                    ) ss.:
COUNTY OF PALM BEACH )

Civil Action No.: 07CIV6004 (CM)

                  **Affidavit**

    RON GRESCHNER, being duly sworn, deposes and says:

    1.    I am the defendant in this action, a resident of the State of Florida, and above the age of majority. I submit this affidavit based upon personal knowledge.

    2.    I have been advised by my attorneys that the Court has directed that I produce my personal income tax returns for the inspection of the Court only from 1997 through 2007. Prior to this Court's order, my attorney never asked me for my personal tax returns, except to ask if I had paid any taxes to the United States Government with respect to the WaterGroup (and the answer to that inquiry was no). I here produce such income tax returns for the years 1998, 2000, 2001 and 2002, and offer an explanation as to why I cannot comply with the remaining years' returns in the time period allotted.

    3.    I have made a thorough search of my records and, while I located 1998, 2000, 2001 and 2002, I did not locate 1999 or 2003. However, as the Court will note I filed joint tax returns with Carol Alt in 1998 and also filed a joint return with her in 1999, so the tax return for 1999 should already be in her possession. The tax preparer was Barry Klarberg, who acted for both of us. Mr. Klarberg's firm (first KRT and then Assante) also prepared my tax returns through 2003. I

have not contacted Mr. Klarberg to retrieve copies of those records because his "allegiance" is to Ms. Alt, not me, and he has been listed as a witness for plaintiff on the Pre-trial order. Accordingly, I have directed my attorney to subpoena those tax returns from Mr. Klarberg's office for the Court.

    4.    With respect to the years 2004, 2005 and 2006 (2007 returns are not due and I am on extension), I wish to advise the Court that I do not have such returns because I have not yet filed any such returns. I secured extensions for each year, and believe that I was not required to file for 2004-2005 as I did not have sufficient taxable income to require filing. Moreover, the same may also be true for 2006 (I have 5 children, a house with debt and significant deductions), although I have retained a Florida CPA to review all of the financial data and to file returns if they need to be filed. I have been advised by this Florida CPA that this effort will probably consume months of her time (as she is a small practice and has been provided with years worth of financial data).

    5.    I can state unequivocally and without reservation, that– as proven by the documents that my counsel has produced to the plaintiff and the Court previously–my interest in the WaterGroup investment was the subject of a sale in 1997, which was thereafter liquidated in 1999. The money was used to pay taxes on behalf of the Ron Greschner Enterprises (I have previously supplied those tax returns) and the remainder was utilized to purchase mostly tax free municipal bonds (those documents were also supplied) in my personal name. Neither Ron Greschner Enterprises nor I retained any "continuing" interest in the WaterGroup or any company related to the WaterGroup, and I have not realized any money from any such investment since 1999.

    6.    I wish to advise the Court that my marriage to Ms. Alt has been over (separation) since

1997. I have since remarried and have 5 children, and I believe that she continues to harbor

resentment towards me and the desire to have information about me. I am very concerned that if

Ms. Alt is privy to any information about my financial status or dealings, she will "publicize" it

to these so-called "acquaintances" that we have in common. As a former professional hockey

player, I do have the opportunity to participate in events, and do public relations activities,

particularly with my former team, the New York Rangers. "Gossip" can never be helpful to that

effort. For these reasons (and because my personal financial information during the last 8 years

is wholly irrelevant to Ms. Alt's claim about the WaterGroup), I ask the Court not to disclose

any of the information I have provided to Ms. Alt or her counsel.


RONALD GRESCHNER

KAREN HERNANDEZ
MY COMMISSION # DD 608111
EXPIRES: December 1, 2010
Bonded Thru Notary Public Underwriters

Karen Hernandez

4-11-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CAROL A. ALT,

                              Plaintiff,                    Index No. 07 CIV 6004

        -against-

RONALD J. GRESCHNER,                        **MEMO ENDORSED**

                              Defendant.

----------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                    │
│ DATE FILED: ___9/2/08___         │
└─────────────────────────────────┘
```

### PLAINTIFF'S OBJECTIONS
### TO MAGISTRATE JUDGE FREEMAN'S ORDER DATED AUGUST 19, 2008

1.      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
Procedure, Plaintiff respectfully objects to Magistrate Judge Debra Freeman's Order of August
19, 2008 (the "August 19 Order" is annexed here as Exhibit A).

2.      As specifically noted in the August 19 Order, this Court issued an Order dated
January 2, 2008 stating that "the issues raised by the complaint are clearly issues that can – and
should – be resolved on the basis of a documentary record," and thus, "Please let me know when
the tax returns have been located." When the production of Defendant's personal tax returns
went unresolved, this Court referred the discovery issues to Judge Freeman on March 10, 2008
(See, Dkt. 34).

3.      Thereafter, on March 27, 2008 (See, Dkt. 35), Judge Freeman ordered Defendant
to produce his personal tax returns (for calendar years 1997 through 2006) for an *in camera*
review. Defendant subsequently produced some tax returns but failed to produce any tax returns
for the years 2004, 2005, 2006 or 2007 -- claiming that "I do not have such returns..." That is,
by affidavit dated April 11, 2008, Defendant stated the following:

9/2/08 Objections overruled This case goes to trial on 10/8/08 @ 9:30 a.m

> With respect to the years 2004, 2005 and 2006 (2007 returns are not due
> and I am on extension), I wish to advise the Court that I do not have such
> returns because I have not yet filed any such returns. I secured extensions
> for each year, and believe that I was not required to file for 2004-2005 as I
> did not have sufficient taxable income to require filing. Moreover, the
> same may also be true for 2006 (I have 5 children, a house with debt and
> significant deductions), although I have retained a Florida CPA to review
> all of the financial data and to file returns of they need to be filed. I have
> been advised by this Florida CPA that this effort will probably consume
> months of her time (as she is a small practice and has been provided with
> years worth of financial data).

Defendant's Affidavit of April 11, 2008 is annexed here as Exhibit B.

    4.    As a result of Defendant's suspicious claim that relevant tax returns ordered to be

produced are not in his possession (and thus Defendant would be seemingly unable to comply

with the Court's January 2, 2008 directive) -- in an effort to discover what other documents may

exist to ascertain the disposition of the parties' "Water group investment" -- Plaintiff requested

that she be permitted to take Defendant's deposition.

    5.    The August 18 Order makes clear that Judge Freeman feels bound by this Court's

prior directive (of January 2, 2008) that, "the issues raised by the complaint are clearly issues

that can – and should – be resolved on the basis of a documentary record" and thus "as a matter

of case management" no deposition is permitted. See, Exhibit A. Judge Freeman's determination

as it relates to the January 2, 2008 Order, however, is clearly erroneous because it fails to

consider that all of the tax returns have *not* been located -- which was the very point of this

Court's January 2, 2008 directive that this case be resolved by documentary evidence (stating,

"Please let me know when the tax returns have been located"). The August 18 Order is both

inconsistent and irreconcilable with this Court's prior directive because it fails to consider a

condition precedent to the Court not permitting depositions (i.e. that Defendant locates and

produces his tax returns). Because this Court's previously mandated condition did not occur, it

would have been proper for Judge Freeman to permit the taking of a deposition in aid of further

document discovery. See, F.R.C.P. 26(b)(1) and 30(a)(1); see also, Oppenheimer Fund, Inc. v.

Sanders, 437 U.S. 340, 350-351 (1978); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357,

1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449

(S.D.N.Y. 1988); Anderson v. Sotheby's Inc., 2005 U.S. Dist LEXIS 9033, 04 CV 8180, at * 17

(SAS)(DFE) (S.D.N.Y. May 13, 2005).

      6.     Moreover, Plaintiff specifically objects to the following findings

contained in the August 18 Order:

    I.     "[I]t does not appear that there are any remaining documents in
Defendant's possession, custody or control that even potentially relate
to the transaction at issue in this case." This finding is clearly
erroneous as: (i) the Court has no way of making such a determination
when four years of relevant tax returns ordered to be produced have
not been so produced (or reviewed by the Court), nor has Plaintiff
been permitted to discover such information by way of deposition; and
(ii) Defendant's own sworn affidavit identifies potentially relevant
documents ("... I have retained a Florida CPA to review all of the
financial data..." See, Exhibit B).

    II.    "... Judge McMahon has already ruled that, as a matter of case
management, no further discovery should be needed..." As stated
above, this finding is clearly erroneous as it is contradicted by this
Court's Order of January 2, 2008 stating that tax returns must be
produced. Because tax returns that were ordered to be produced have
not been, further discovery is indeed necessary, and thus Judge
McMahon's Order of January 2, 2008 (at a time prior to Defendant's
affidavit referenced above) is not controlling on the issue.

    III.    "This Court now considers such issues to be fully resolved" and as a
result, "[t]he parties are directed to follow Judge McMahon's
Individual Practices with respect to obtaining a new trial date." This
finding is severely prejudicial to Plaintiff as Plaintiff is being denied a
full and fair opportunity to discover facts and evidence that will enable
her to prove her case at trial. See generally, F.R.C.P. 26(b)(1) and
30(a)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-351
(1978).

7.      For all of these reasons, Plaintiff respectfully objects to Judge Freeman's August

18 Order and requests that Plaintiff be permitted to take Defendant's deposition in aid of

document discovery pursuant to Federal Rules of Civil Procedure 30(a)(1) and that any trial date

be stayed until the close of discovery.

DATED:       New York, New York
             August 27, 2008

                                        THE ROTH LAW FIRM, PLLC


                                        By:_____/s/_____
                                                Richard A. Roth (RAR 5538)
                                        545 Fifth Avenue, Suite 960
                                        New York, New York 10017
                                        Tel: (212) 542-8882
                                        Fax: (212) 542-8883
                                        *Attorneys for Plaintiff*

# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CAROL ALT,

                                    :
                        Plaintiff,  :         07 Civ. 6004 (CM) (DF)
                                    :
          -against-                 :         **ORDER**
                                    :
RONALD GRESCHNER,                   :
                                    :
                        Defendant.  :
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

By letter to the Court, Plaintiff has requested that this Court hold a conference "for the
purpose of setting forth a limited discovery schedule," as Plaintiff "intends on conducting third
party discovery and serving notice to take Defendant's deposition." (Letter to the Court from
Richard A. Roth, Esq., dated Aug. 6, 2008.) Defendant has responded with a letter stating that
any further discovery demands by Plaintiff should be denied, "as the issue of any further
discovery has been wholly resolved by the prior orders of both this Court and Judge McMahon."
(Letter to the Court from Nancy Ledy Gurren, Esq., dated Aug. 7, 2008.) Defendant further
requests that this case "be referred back to Judge McMahon for trial." (*Id.*)

This Court has reviewed the history of this case and notes that, fully 10 months ago,
Judge McMahon had ruled that, no later than October 23, 2007, Defendant was to turn over to
Plaintiff "every single piece of paper relating to the investment that is the subject of this
litigation," and, on the understanding that such production would be timely made, had set this
case down for a November 2007 trial. (Order, dated Oct. 19, 2007 (Dkt. 18), at 1.) In the same
Order, the Court had ruled that

Case 1:07-cv-06004-CM    Document 44    Filed 09/02/2008    Page 19 of 24

. Case 1:07-cv-06004-CM    Document 41    Filed 08/19/2008    Page 2 of 3   .

> [t]he parties' proposed case management order is rejected. There
> is nothing to be gained from discovery in this action; either
> [Plaintiff] has an interest in the investment pursuant to her divorce
> decree or she does not. At the initial conference, the parties
> seemed to agree that a few documents would answer the question.

(*Id.*)

Unfortunately, after October 23, 2007, Plaintiff continued to maintain that a full

production of relevant documents had not been made by Defendant. Judge McMahon adjourned

the trial date, and repeatedly directed that all relevant documents, including tax returns, be

produced, so that the case could be made ready for trial. (*See, e.g.*, Minute Entry for proceedings

held before the Court on November 7, 2007 (noting that: "Trial that was scheduled for 11/14/07

had been adjourned until a later date, to be determined. Defendant must provide [plaintiff] and

the court wi[th] all documents necessary to trace the transaction at issue, by 11/21/07."); *see also*

Order dated Jan. 2, 2008 (noting again that "the issues raised by the complaint are clearly issues

that can – and should – be resolved on the basis of a documentary record," and stating, "Please

let me know when the tax returns have been located.").)

Finally, Judge McMahon referred the parties' continuing dispute concerning the

production of Defendant's personal tax returns to me for resolution. (*See* Dkt. 34.) Since that

referral, this Court has reviewed all of Defendant's available personal tax returns *in camera* and

has made several rulings regarding the necessary scope of Defendant's document production.

(*See* Dkts. 35-40.) This Court now considers such issues to be fully resolved. From the

information that has been placed before the Court by the parties, it does not appear that there are

any remaining documents in Defendant's possession, custody or control that even potentially

relate to the transaction at issue in this case.

2

Case 1:07-cv-06004-CM    Document 44    Filed 09/02/2008    Page 20 of 24

. Case 1:07-cv-06004-CM    Document 41    Filed 08/19/2008    Page 3 of 3    .

As it appears from the record that Judge McMahon has already ruled that, as a matter of

case management, no further discovery should be needed to secure the just, speedy, and

inexpensive determination of this action (*see* Orders cited *supra*; *see also* Fed. R. Civ. P. 1),

Plaintiff's request for a further discovery conference is denied.  The parties are directed to follow

Judge McMahon's Individual Practices with respect to obtaining a new trial date.

Dated:  New York, New York
        August 19, 2008

SO ORDERED

**DEBRA FREEMAN**
United States Magistrate Judge

Copies to:

Hon. Colleen McMahon, U.S.D.J.

Richard Alan Roth, Esq.
The Roth Law Firm, PLLC
545 Fifth Avenue, Suite 900
New York, NY 10017

Nancy Ledy-Gurren, Esq.
Ledy-Gurren Bass & Siff, LLP
475 Park Avenue Aouth
New York, NY 10016    .

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

CAROL A. ALT,

                Plaintiff,

    -against-

RONALD J. GRESCHNER,

                Defendant.
————————————————————X

Civil Action No.: 07CIV6004 (CM)

             **Affidavit**

STATE OF FLORIDA    )
                    ) ss.:
COUNTY OF PALM BEACH )

    RON GRESCHNER, being duly sworn, deposes and says:

    1.   I am the defendant in this action, a resident of the State of Florida, and above the age of majority. I submit this affidavit based upon personal knowledge.

    2.   I have been advised by my attorneys that the Court has directed that I produce my personal income tax returns for the inspection of the Court only from 1997 through 2007. Prior to this Court's order, my attorney never asked me for my personal tax returns, except to ask if I had paid any taxes to the United States Government with respect to the WaterGroup (and the answer to that inquiry was no). I here produce such income tax returns for the years 1998, 2000, 2001 and 2002, and offer an explanation as to why I cannot comply with the remaining years' returns in the time period allotted.

    3.   I have made a thorough search of my records and, while I located 1998, 2000, 2001 and 2002, I did not locate 1999 or 2003. However, as the Court will note I filed joint tax returns with Carol Alt in 1998 and also filed a joint return with her in 1999, so the tax return for 1999 should already be in her possession. The tax preparer was Barry Klarberg, who acted for both of us. Mr. Klarberg's firm (first KRT and then Assante) also prepared my tax returns through 2003. I

have not contacted Mr. Klarberg to retrieve copies of those records because his "allegiance" is to Ms. Alt, not me, and he has been listed as a witness for plaintiff on the Pre-trial order. Accordingly, I have directed my attorney to subpoena those tax returns from Mr. Klarberg's office for the Court.

4.      With respect to the years 2004, 2005 and 2006 (2007 returns are not due and I am on extension), I wish to advise the Court that I do not have such returns because I have not yet filed any such returns. I secured extensions for each year, and believe that I was not required to file for 2004-2005 as I did not have sufficient taxable income to require filing. Moreover, the same may also be true for 2006 (I have 5 children, a house with debt and significant deductions), although I have retained a Florida CPA to review all of the financial data and to file returns if they need to be filed. I have been advised by this Florida CPA that this effort will probably consume months of her time (as she is a small practice and has been provided with years worth of financial data).

5.      I can state unequivocally and without reservation, that– as proven by the documents that my counsel has produced to the plaintiff and the Court previously–my interest in the WaterGroup investment was the subject of a sale in 1997, which was thereafter liquidated in 1999. The money was used to pay taxes on behalf of the Ron Greschner Enterprises (I have previously supplied those tax returns) and the remainder was utilized to purchase mostly tax free municipal bonds (those documents were also supplied) in my personal name. Neither Ron Greschner Enterprises nor I retained any "continuing" interest in the WaterGroup or any company related to the WaterGroup, and I have not realized any money from any such investment since 1999.

6.      I wish to advise the Court that my marriage to Ms. Alt has been over (separation) since

1997. I have since remarried and have 5 children, and I believe that she continues to harbor

resentment towards me and the desire to have information about me. I am very concerned that if

Ms. Alt is privy to any information about my financial status or dealings, she will "publicize" it

to these so-called "acquaintances" that we have in common. As a former professional hockey

player, I do have the opportunity to participate in events, and do public relations activities,

particularly with my former team, the New York Rangers. "Gossip" can never be helpful to that

effort. For these reasons (and because my personal financial information during the last 8 years

is wholly irrelevant to Ms. Alt's claim about the WaterGroup), I ask the Court not to disclose

any of the information I have provided to Ms. Alt or her counsel.

RONALD GRESCHNER

KAREN HERNANDEZ
MY COMMISSION # DD 608111
EXPIRES: December 1, 2010
Bonded Thru Notary Public Underwriters

4-11-08